UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STACY MORGAN AND<br>A-PLUS CONTRACTORS, LLC | * | CIVIL ACTION NO. 2:16-CV-13900 |
| Plaintiffs | * | |
| VERSUS | * | JUDGE: JANE TRICHE MILAZZO |
| AMERICAS INSURANCE<br>COMPANY | * | MAGISTRATE JUDGE:<br>KAREN WELLS ROBY |
| Defendant | * | |

* * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE ARTICLE 12(b)(6)**

**NOW INTO COURT,** through undersigned counsel, comes Americas Insurance Company (hereinafter "AIC"), who respectfully moves this Honorable Court to dismiss the plaintiffs, Stacy Morgan and A-Plus Contractors, L.L.C. (hereinafter "plaintiffs") claims against AIC for the individual claims of Stacy Morgan as well as all claims for statutory penalties and attorney fees pursuant to LSA-R.S. 22:1892 and 22:1973.  First, Stacy Morgan ("Morgan") is not privy to any contract with the AIC insured, Hollis Burton ("Burton"), either arising out of the repair to the property at issue in the matter following the fire or the assignment of benefits ("AOB").  As such, Stacy Morgan's claims against AIC must be dismissed with prejudice as he is not a proper party pursuant to Fed. R. Civ. P. 17.  Second, pursuant to Louisiana jurisprudence, because plaintiffs are not insureds of the AIC Policy at issue in this matter, they cannot bring claims against AIC for statutory penalties and attorney fees pursuant to LSA-R.S. 22:1892 and 22:1973.  Third, as there is no contract between AIC and plaintiffs, plaintiffs' claims for breach of contract must also be dismissed.  Accordingly, this Honorable Court should grant AIC's Motion to Dismiss and dismiss Morgan's claims against AIC in their entirety and dismiss the

- 1 -

claims against AIC for statutory penalties and attorney fees pursuant to LSA-R.S. 22:1892 and 22:1973, with prejudice, at plaintiffs' costs.

## FACTS AND PROCEDURAL HISTORY

### I. Factual Allegations

A-Plus Contractors, L.L.C. ("A-Plus") was hired as the repair and remediation contractor by Hollis Burton.[1] Specifically, A-Plus was hired by Burton to perform all necessary fire mediation and repairs following a fire to the property owned by Burton and insured by AIC.[2] Plaintiffs claim that Hollis Burton assigned all benefits to an AIC Policy to both Morgan and A-Plus.[3] Plaintiffs, through the AOB, are seeking damages from AIC for failing to pay the costs of the repair project in the amount of $93,389.33.[4] Notably, plaintiffs admit that Morgan is not an insured under the AIC Policy and thus refuses to submit to an examination under oath.[5] Plaintiffs assert general claims against AIC for is alleged liability, but pertinent to the instant Motion are the claims for breach of contract and claims against AIC for statutory penalties and attorney fees pursuant to LSA-R.S. 22:1892 and 22:1973.[6] Moreover, plaintiffs' claims for damages pertinent to the instant motion are mental anguish, attorney fees and case costs and statutory penalties and attorney fees pursuant to LSA-R.S. 22:1892 and 22:1973.[7]

### II. Contract to Repair Property and Assignment of Benefits

As discussed above, A-Plus repaired Burton's home following an unfortunate fire loss. Burton agreed to a Third Party Work Authorization with A-Plus on November 13, 2014.[8] Notably, the Third Party Work Authorization does not contain any contractual relationship

---

[1] Petition for Damages, ¶ 2, Rec. Doc. 1-3.
[2] *Id.*, ¶ 4.
[3] *Id.*, ¶ 3.
[4] *Id.*
[5] *Id.*, ¶ 5.
[6] *Id.*, ¶ 6 (d) and (f).
[7] *Id.*, ¶ 7 (d), (e) and (f).

created for the personal benefit of Stacy Morgan. Following the completion of the repair project, Burton and A-Plus executed the Assignment of Insurance Benefits Form.[9] A review of the Assignment of Insurance Benefits Form clearly and unambiguously is executed by Burton and Morgan as the representative of A-Plus. Indeed, Morgan does not execute the Assignment of Insurance Benefits Form individually for his own personal benefit.

### III. AIC Policy

AIC issued Policy No. 619616 (the "Policy") to Hollis Burton for the property located at 2161 Pleasure Street, New Orleans, Louisiana.[10] The Policy lists two additional mortgagees as insureds under the Policy: JP Morgan Chase Bank NA and The City of New Orleans Office of Community Development.[11] Pertinent to the instant Motion, neither Morgan nor A-Plus are listed as additional insureds under the Policy. "Insured" is also defined in the Policy in the Definitions.[12] Neither a contractor nor the owner of a construction company are listed in as a possible "Insured" in the Definitions of the Policy.

Burton assigned the post-loss benefits of his AIC Policy to A-Plus. The Assignment clause of the AIC Policy invalidates any assignment of the policy without the written consent of AIC.[13] Importantly, plaintiffs' Petition fails to address any attempt to obtain the consent of AIC for the assignment of benefits from Burton to A-Plus.

### ARGUMENT AND AUTHORITIES

Based on the improper party designation and inability to recover for certain claims pursuant to the AIC Policy, AIC's Motion to Dismiss must be granted as a matter of law. First, Stacy Morgan is not a proper plaintiff pursuant to Fed. R. Civ. P. 17, as only A-Plus is privy to

---

[8] Third Party Work Authorization, Exhibit "1".
[9] Rec. Doc. 1-3, p. 8 of 9.
[10] Certified copy of AIC Policy No. 619616, attached to the Affidavit of Lisa Lunday, Exhibit "2".
[11] *Id.,* p. 3 of 54.

any contracts for either the repair of the property or the AOB.  Second, plaintiffs' claims for statutory penalties and attorney fees pursuant to LSA-R.S. 22:1892 and 22:1973 must be dismissed as plaintiffs are not insureds under the AIC Policy.  Third, as there is no contract between AIC and plaintiffs, plaintiffs' claims for breach of contract must also be dismissed.

### I. Rule 12(b)(6) Standard

Rule 12(b)(6) allows for the dismissal of a complaint for "failure to state a claim upon which relief can be granted."[14]  Dismissal is appropriate "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."[15]  "On a Rule 12(b)(6) motion, a district court generally must limit itself to the contents of the pleadings, including attachments thereto. The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims."[16]  Pertinent to AIC's pending Motion, homeowners' insurance policies attached to the motions that are central to the claim in the complaint may be considered in resolving a Motion to Dismiss filed under Rule 12(b)(6).[17]

### II. Stacy Morgan Does Not Have Standing to Bring Suit Against AIC

Stacy Morgan does not have standing to bring suit against AIC pursuant to Fed. R. Civ. P. 17.  Per the AOB, Morgan is the owner of A-Plus Contractors.[18]  A-Plus repaired Burton's property following an unfortunate fire and executed the AOB with Burton.  As Morgan has no personal claim against either Burton or AIC, his claims must be dismissed with prejudice.

---

[12] *Id.,* p. 13 of 54.
[13] *Id.,* p. 34 of 54.
[14] Fed. R. Civ. P.12(b)(6).
[15] *Scanlan v. Texas A&M Univ.*, 343 F.3d 533 (5th Cir. 2003).
[16] *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014)(citations omitted).
[17] *In re Chinese Manufactured Drywall Products Liab. Litig.,* 759 F. Supp. 2d 822, 828 (E.D. La. 2010); citing *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir.2007).
[18] Rec. Doc. 1-3, p. 8 of 9.

F. R. Civ. P. 17(b) states that the capacity for parties to bring suit is based on either the law of individual's domicile or the law in which a corporation was organized. This Honorable Court discussed a similar issue in *Matthews v. Stolier,* where the capacity to sue was determined pursuant to LSA-C.C.P. art. 681.[19] As such, the Louisiana Code of Civil Procedure provides that "an action can be brought only by a person having a real and actual interest which he asserts."[20]

To determine whether a party has a right of action, courts "look at whether the plaintiff belongs to a particular class of persons to whom the law grants a remedy for the particular grievance, or whether plaintiff has an interest in judicially enforcing the right asserted."[21] "Whether a plaintiff has a right of action is a question of law. To prevail, the defendant must show that the plaintiff does not possess an interest in the subject matter of the suit."[22] The burden of proof in an action for breach of contract is on the party claiming rights under the contract.[23]

In the case at bar, Morgan fails to assert that he has an individual or personal claims that do not arise separately as a part of his company, A-Plus. As discussed extensively above, Morgan is not personally privy to any contract with AIC's insured, Burton. Importantly, Burton is neither a party to the Third Party Work Authorization[24] nor the Assignment of Insurance

---

[19] 13-6638, 2014 WL 5214738, at *4 (E.D. La. Oct. 14, 2014), *on reconsideration in part*, 13-6638, 2015 WL 1726211 (E.D. La. Apr. 15, 2015), *reconsideration denied*, 13-6638, 2015 WL 4394109 (E.D. La. July 15, 2015).
[20] LSA-C.C.P. art. 681.
[21] *Par. of Jefferson v. Lafreniere Park Found.,* 98-146 (La. App. 5 Cir. 7/28/98), 716 So. 2d 472, 477 *Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com'n,* 94–2015 (La.11/30/94), 646 So.2d 885, 888; *Parish of Jefferson v. City of Kenner,* 96–73 (La.App. 5 Cir. 5/15/96), 675 So.2d 1177, 1179, *writ denied* 96–1563 (La.9/27/96), 679 So.2d 1346.
[22] *Labranche v. Fatty's, LLC*, 2010-0475 (La. App. 1 Cir. 10/29/10), 48 So. 3d 1270, 1272 *Estate of Mayeaux v. Glover,* 2008–2031, p. 5 (La.App. 1 Cir. 1/12/10), 31 So.3d 1090, 1093, *writ denied,* 2010–0312 (La.4/16/10), 31 So.3d 1069.
[23] *Vignette Publications, Inc. v. Harborview Enterprises, Inc.,* 2000-1711 (La. App. 4 Cir. 9/12/01), 799 So. 2d 531, 534, *Phillips v. Insilco Sports Network, Inc.,* 429 So.2d 447, 449 (La.App. 4 Cir.1983). . *North American Contracting Corp. v. Gibson,* 327 So.2d 444 (La.App. 3rd Cir.1975), *New Orleans Silversmiths Inc. v. Wormser,* 258 So.2d 592 (La.App. 4th Cir.1972), *Walters v. Edwards,* 212 So.2d 749 (La.App. 1st Cir.1968).
[24] Third Party Work Authorization, Exhibit "1".

Benefits Form.[25] Because Morgan is not personally or individually privy to either contract executed with Burton, he is not a proper party to bring suit against AIC. As such, AIC's Motion to Dismiss must be granted and Morgan's claims should be dismissed with prejudice.

### III. Plaintiffs' Breach of Contract Claim Must Be Dismissed as there is no Contract between Plaintiffs and AIC

Plaintiffs claim they are entitled for damages against AIC for a breach of contract.[26] However, A-Plus only executed contracts with AIC's insured, Burton. Indeed, it is undisputed that plaintiffs are not privy to any contractual relationship with AIC. As such, plaintiffs' claims for breach of contract must be dismissed as plaintiffs fail to establish the requisite foundation of any contractual relationship between plaintiffs and AIC.

The burden of proof in an action for breach of contract is on the party claiming rights under the contract.[27] The existence of the contract and its terms must be proved by a preponderance of the evidence.[28] A contract is formed by the consent of the parties established through an offer and acceptance.[29]

Plaintiffs have the burden of proving the existence of a contract with AIC in order to bring a breach of contract claim against defendant. Indeed, plaintiffs cannot meet this burden. First, plaintiffs are not parties to the contract of insurance between AIC and Burton.[30] Second, the only contracts at issue in this matter are those executed by and between A-Plus and Burton.[31] Because plaintiffs are unable to meet their burden that a contract exists between AIC and

---

[25] Rec. Doc. 1-3, p. 8 of 9.
[26] Petition for Damages, ¶ 6(d), Rec. Doc. 1-3.
[27] *Vignette Publications, Inc. v. Harborview Enterprises, Inc.,* 2000-1711 (La. App. 4 Cir. 9/12/01), 799 So. 2d 531, 534, citing *Phillips v. Insilco Sports Network, Inc.,* 429 So.2d 447, 449 (La.App. 4 Cir.1983), *North American Contracting Corp. v. Gibson,* 327 So.2d 444 (La.App. 3rd Cir.1975), *New Orleans Silversmiths Inc. v. Wormser,* 258 So.2d 592 (La.App. 4th Cir.1972), *Walters v. Edwards,* 212 So.2d 749 (La.App. 1st Cir.1968).
[28] *Id.,* citing *Bond v. Allemand,* 632 So.2d 326 (La.App. 1 Cir.1993).
[29] *Id.,* citing *State v. Louis,* 94-0761 (La.11/30/94), 645 So.2d 1144.
[30] Certified copy of AIC Policy No. 619616, attached to the Affidavit of Lisa Lunday, Exhibit "2".
[31] Exhibit "1" and Rec. Doc. 1-3, p. 8 of 9.

plaintiffs, AIC's Motion to Dismiss must be granted and plaintiffs' claims for breach of contract must be dismissed with prejudice.

### IV. Plaintiffs Cannot Bring Claims for Statutory Penalties and Attorney Fees Pursuant to LSA-R.S. 22:1892 and 22:1973 as they are not Insureds of the AIC Policy

Plaintiffs are seeking statutory penalties and attorney fees pursuant to LSA-R.S. 22:1892 and 22:1973 as part of the AOB executed by A-Plus and Burton, the actual AIC insured. However, pursuant to Louisiana jurisprudence, only an insured to a policy of insurance may seek relief for statutory penalties and attorney fees pursuant to LSA-R.S. 22:1892 and 22:1973. Because plaintiffs are clearly and unambiguously not named insureds of the AIC Policy, their claims for statutory penalties and attorney fees pursuant to LSA-R.S. 22:1892 and 22:1973 must be dismissed with prejudice.

Analogous with the facts of the instant matter is the Louisiana Fourth Circuit case of *R.L. Lucien Tile Co., Inc. ex rel. Cage v. Am. Sec. Ins. Co.*[32] The plaintiff in *R.L. Lucien* purchased property from sellers that was insured by the defendant-insurer. Plaintiff, while paying the mortgage, never became an insured under the defendant-insurer's policy.[33] The sellers-insureds under the defendant-insurer's policy submitted a claim for damages arising out of Hurricane Katrina.[34] As plaintiff did not receive any insurance proceeds arising out of Hurricane Katrina, plaintiff filed suit claiming rights under the defendant-insurer's policy as well as seeking relief under former LSA-R.S. 22:658 and 22:1220.[35] Defendant-insurer asserted that plaintiff was a stranger to the contract of insurance as plaintiff was neither an insured or additional insured under the policy. The trial court subsequently granted the defendant-insurer's summary judgment motion.

---

[32] 2008-1190 (La. App. 4 Cir. 3/11/09), 8 So. 3d 753.
[33] *Id.*, 8 So. 3d at 754.
[34] *Id.*

- 7 -

The Louisiana Fourth Circuit Court of appeal affirmed the trial court's decision.[36] The Fourth Circuit found that plaintiff's claims for statutory penalties and attorney fees pursuant for the "bad faith" conduct of the defendant-insurer were without merit.[37] Citing to former LSA-R.S. 22:658 and 22:1220, the court stated as follows:

> **Louisiana law allows an insured to recover statutory penalties** when an insurance company fails to timely pay a claim after receiving adequate proof of loss when the failure is arbitrary, capricious, or in bad faith. La. R.S. 22:658 and La. R.S. 22:1220. Specifically, under La. R.S. 22:658(B) and La. R.S. 22:1220(B)(5), **an insured may recover statutory penalties** when the insurer's failure to pay is "arbitrary, capricious, or without probable cause." Because these two statutes are penal in nature they must be strictly construed.[38]

In the case at bar, plaintiffs are not entitled to recover statutory penalties and attorney fees pursuant to LSA-R.S. 22:1892 and 22:1973 as they are not insureds to the AIC Policy.[39] The only insureds to the Policy are the named insured, Burton, and the two additional mortgagees, JP Morgan Chase Bank NA and The City of New Orleans Office of Community Development.[40] Just as in *R.L. Lucien,* the plaintiffs as assignees via the AOB are not insureds of the AIC Policy. Importantly, only an insured has standing to pursue claims for statutory penalties and attorney fees pursuant to LSA-R.S. 22:1892 and 22:1973 due to the strict construction of these penalty statutes. Indeed, plaintiffs admit that any attempt by AIC to seek compliance with the Policy's Duties After Loss Provision are inconsequential as plaintiffs are

---

[35] *Id.,* 8 So.3d at 754-55.
[36] *Id.,* 8 So.3d at 757. The Louisiana Fourth Circuit found that the anti-assignment clause contained in the defendant-insurer's policy, which is identical to the AIC Policy, was enforceable. Specifically, the assignment between the sellers-insureds and plaintiff was invalid as the defendant-insurer did not consent to the assignment. Of note this decision was not followed by the Louisiana Supreme Court where the Fifth Circuit certified the question of the validity of post-loss assignment prohibition in *In re Katrina Canal Breaches Litigation,* 09-30485 (5th Cir. 7/8/10) 613 F.3d 504. The Louisiana Supreme Court found that there is no express prohibition on the assignment of benefits applying to post-loss assignments. *See* 2010-1823 (La. 5/10/11), 63 So.3d 955.
[37] *Id.*
[38] *Id., citing Reed v. State Farm Mut. Auto Ins. Co.,* 2003-0107, pps. 13, 14, 15 (La.10/21/03), 857 So.2d 1012, pps. 1021, 1022, 1023. (Emphasis added).
[39] Certified copy of AIC Policy No. 619616, attached to the Affidavit of Lisa Lunday, Exhibit "2".
[40] *Id.,* p. 3 of 54.

not insureds of the Policy.[41] As the insurance contract imposes obligations on both parties, plaintiffs cannot argue that they are entitled to recover statutory penalties and attorney fees as codified in the Louisiana Insurance Code yet refuse to comply with policy conditions imposed on an insured, which are also codified in the Louisiana Insurance Code.[42] Accordingly, pursuant to the controlling Louisiana jurisprudence, plaintiffs' claims for statutory penalties and attorney fees pursuant to LSA-R.S. 22:1892 and 22:1973 should be dismissed with prejudice.

V.      **Louisiana Contract Interpretation**

Words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning.[43] An insurance contract, however, should not be interpreted in an unreasonable or strained manner under the guise of contractual interpretation to enlarge or to restrict its provisions beyond what is reasonably contemplated by unambiguous terms to achieve an absurd conclusion.[44] The rules of construction do not authorize a perversion of the words or the exercise of inventive powers to create an ambiguity where none exists or the making of a new contract when the terms express with sufficient clarity the parties' intent.[45]

Ambiguous policy provisions are generally construed against the insurer and in favor of coverage.[46] Under this rule of strict construction, equivocal provisions seeking to narrow an insurer's obligation are strictly construed against the insurer.[47] The strict construction principle applies only if the ambiguous policy provision is susceptible to two or more *reasonable*

---

[41] Rec. Doc. 1-3., ¶ 5.
[42] LSA-R.S. 22:1311.
[43] *See* LSA-C.C. art.2047; *Cadwallader,* 848 So.2d at 580; *Peterson v. Schimek,* 98-1712, p. 5 (La.3/2/99), 729 So.2d 1024, 1028-29; *Carbon v. Allstate Ins. Co.,* 719 So.2d 437, 440-441 (La. 1998); *Reynolds,* 634 So.2d at 1183.
[44] *Cadwallader,* 848 So.2d at 580; *Carrier v. Reliance Ins. Co.,* 99-2573, p. 11 (La.4/11/00), 759 So.2d 37, 43; *Peterson,* 729 So.2d at 1029.
[45] *Cadwallader,* 848 So.2d at 580; *Succession of Fannaly v. Lafayette Ins. Co.,* 01-1355, p. 4 (La.1/15/02), 805 So.2d 1134, 1138; *Peterson,* 729 So.2d at 1029.
[46] LSA-C.C. art.2056; *Cadwallader,* 848 So.2d at 580; *Carrier,* 759 So.2d at 43; *Louisiana Ins.,* 630 So.2d at 764.

interpretations; for the rule of strict construction to apply, the insurance policy must be not only susceptible to two or more interpretations, but each of the alternative interpretations must be reasonable.[48]

If the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written.[49]  Courts lack the authority to alter the terms of insurance contracts under the guise of contractual interpretation when the policy's provisions are couched in unambiguous terms.[50]  The determination of whether a contract is clear or ambiguous is a question of law.[51]

## CONCLUSION

Based on the improper party designation and inability to recover for certain claims pursuant to the AIC Policy, AIC's Motion to Dismiss must be granted as a matter of law.  First, Stacy Morgan is not a proper plaintiff pursuant to Fed. R. Civ. P. 17, as only A-Plus is privy to any contracts for either the repair of the property or the AOB.  Second, plaintiffs' claims for statutory penalties and attorney fees pursuant to LSA-R.S. 22:1892 and 22:1973 must be dismissed as plaintiffs are not insureds under the AIC Policy.  Third, as there is no contract between AIC and plaintiffs, plaintiffs' claims for breach of contract must also be dismissed.  For the foregoing reasons, AIC respectfully moves this Honorable Court to dismiss the claims of the plaintiffs and grant AIC' Motion to Dismiss.

---

[47] *Cadwallader,* 848 So.2d at 580; *Carrier,* 759 So.2d at 43.
[48] *Cadwallader,* 848 So.2d at 580; *Carrier,* 759 So.2d at 43-44, (emphasis in original); *Louisiana Ins.,* 630 So.2d at 770.
[49] *Cadwallader,* 848 So.2d at 580; *Fannaly,* 805 So.2d at 1137; *Louisiana Ins.,* 630 So.2d at 764.
[50] *Cadwallader,* 848 So.2d at 580; *Peterson,* 729 So.2d at 1029; *Louisiana Ins.,* 630 So.2d at 764.
[51] *Cadwallader,* 848 So.2d at 580; *Louisiana Ins.,* 630 So.2d at 764.

Respectfully submitted:

*/s/ Donald J. Latuso, Jr.*
**MATTHEW D. MONSON, T.A. (25186)**
**DONALD J. LATUSO, JR. (31495)**
**CHRISTINE E. BERGERON (30861)**
**BLAKE J. LUSK (35514)**
**THE MONSON LAW FIRM, LLC**
900 W. Causeway Approach, Suite A
Mandeville, Louisiana 70471
Telephone: (985) 778-0678
Facsimile: (985) 778-0682
Email: Matthew@Monsonfirm.com
   Donald@Monsonfirm.com
   Christine@Monsonfirm.com
   Blake@Monsonfirm.com
*Counsel for Americas Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via electronic mail, facsimile or by depositing same in the United States mail, properly addressed, first-class postage prepaid, by the United States District Court for the Eastern District of Louisiana, this 23rd day of August, 2016.

*/s/ Donald J. Latuso, Jr.*