UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STACY MORGAN AND | * | CIVIL ACTION NO. 2:16-CV-13900 |
| A-PLUS CONTRACTORS, LLC | | |
| Plaintiffs | * | |
| | | |
| VERSUS | * | JUDGE:  JANE TRICHE MILAZZO |
| | | |
| AMERICAS INSURANCE | * | MAGISTRATE JUDGE: |
| COMPANY | | KAREN WELLS ROBY |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN OPPOSITION TO MOTION TO REMAND

**NOW INTO COURT,** through undersigned counsel, comes Americas Insurance Company (hereinafter "AIC"), who respectfully submits its opposition memorandum to plaintiffs' Motion to Remand.[1]  In their Motion to Remand, plaintiffs fail to discuss all damages sought in the Petition in the Motion to Remand, especially those for attorney fees and damages recoverable pursuant to LSA-R.S. 22:1973 and mental anguish.  Because plaintiffs' calculations in their Motion to Remand are misleading and incomplete, this Honorable Court should deny plaintiffs' Motion to Remand as plaintiffs' claim exceeds the jurisdictional amount as the amount in controversy exceeds $75,000.00 per plaintiffs' Petition.

## FACTS AND PROCEDURAL HISTORY

### I.    Factual Allegations

A-Plus Contractors, L.L.C. ("A-Plus") was hired as the repair and remediation contractor by Hollis Burton.[2]    Specifically, A-Plus was hired by Burton to perform all necessary fire

---

[1] Rec. Doc. 8.
[2] Petition for Damages, ¶ 2, Rec. Doc. 1-3.

mediation and repairs following a fire to the property owned by Burton and insured by AIC.[3] Plaintiffs claim that Hollis Burton assigned all benefits to an AIC Policy to both Morgan and A-Plus.[4] Plaintiffs, through the Assignment of Benefit (AOB), are seeking damages from AIC for failing to pay the costs of the repair project in the amount of $93,389.33.[5] Plaintiffs assert general claims against AIC for is alleged liability, but pertinent to the instant Motion are the claims for against AIC for statutory penalties and attorney fees pursuant to both LSA-R.S. 22:1892 and 22:1973.[6] Moreover, plaintiffs' claims for damages pertinent to the instant motion are mental anguish, attorney fees and case costs and statutory penalties and attorney fees pursuant to LSA-R.S. 22:1892 and 22:1973.[7]

In the Motion to Remand, plaintiffs now claim that they are only entitled to $43,511.32 from AIC as part of the AOB between plaintiffs and Burton. Plaintiffs attach an invoice and lien to support their claims for less than $93,389.33.[8] Notably, plaintiffs never actually stipulate that their damages are less than $75,000.00. Plaintiffs then calculate their damages only in conjunction with LSA-R.S. 22:1892. However, plaintiffs failed to consider all damages listed in their Petition. First, plaintiffs fail to consider their demand for attorney fees, which presumably is for 40% of the recovery against AIC. This amount along with plaintiffs' incomplete calculations clearly exceeds $75,000.00. Second, plaintiffs fail to consider damages recoverable pursuant to LSA-R.S. 22:1973. Specifically, LSA-R.S. 22:1973(C) allows penalties in "an amount not to exceed two times the damages sustained". Here, the potential recoverable damages pursuant to LSA-R.S. 22:1973(C) based off the lien and invoice alone exceed the jurisdictional threshold of $75,000.00.

---

[3] *Id.,* ¶ 4.
[4] *Id.,* ¶ 3.
[5] *Id.*
[6] *Id.,* ¶ 6 (d) and (f).
[7] *Id.,* ¶ 7 (d), (e) and (f).
[8] Rec. Doc. 8-3.

Third, plaintiffs fail to consider their claims for mental anguish in their calculations.  As discussed below, a damage award for mental anguish arising out of an insurer's alleged arbitrary and capricious behavior alone can exceed the jurisdictional threshold for diversity jurisdiction.  As such, plaintiffs' Motion to Remand should be denied as the damages sought exceed $75,000.00.

## ARGUMENT AND AUTHORITIES

Plaintiffs' Motion to Remand must be denied as a matter of law.  Importantly, plaintiffs fail to discuss and consider all claims for damages sought in their Petition.  Specifically, plaintiffs fail to address their claims for statutory penalties and attorney fees pursuant to LSA-R.S. 22:1973 and their claim for mental anguish.  Upon proper consideration of all claims sought in plaintiffs' Petition, diversity jurisdiction is satisfied as the damages exceed the jurisdictional threshold of

**I.      Plaintiffs' Claims for Damages Exceed $75,000.00 Based on the Allegations of the Petition**

Plaintiffs argue that this case should be remanded because the amount in controversy does not meet the jurisdictional requirements of 28 U.S.C. § 1332.  Generally, a defendant may remove a civil action to federal court if the federal court has original jurisdiction over the action.[9]  The burden is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper."[10]  When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."[11]

Subject matter jurisdiction in this case is premised upon diversity of citizenship.[12]  Cases arising under § 1332 require complete diversity of citizenship and an amount in controversy in

---

[9] 28 U.S.C. § 1441(a); *Spotted Cat, LLC v. Bass*, 13-6100, 2014 WL 4072024, at *1 (E.D. La. 8/18/14).
[10] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002); *Spotted Cat, LLC v. Bass*, 13-6100, 2014 WL 4072024, at *1 (E.D. La. 8/18/14).
[11] *Id.*
[12] 28 U.S.C. § 1332.

excess of $75,000.00.[13]  There is no question that the parties are completely diverse as plaintiffs are citizens of Louisiana[14] and AIC is a citizen of the District of Columbia.[15]

When determining the amount in controversy for jurisdictional purposes, a court first considers the allegations in the complaint.[16]  However, this analysis is inapplicable to suits removed from Louisiana state court because plaintiffs in Louisiana state courts are generally prohibited from pleading a specific amount in controversy.[17]  As a result, the Fifth Circuit has developed a test for determining the amount in controversy when suits are removed from Louisiana state court.[18]  Under this analysis, removing defendants bear the burden of establishing the amount in controversy.[19]  The removing defendant may carry this burden by either: "(1) [showing that] it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) [setting] forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount."[20]

It is well established that a plaintiff may avoid federal-court jurisdiction by claiming a sum below the amount in controversy.[21]  Doing so, however, defeats federal subject-matter jurisdiction only when, "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed".[22]  "[T]he plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy

---

[13] *Id.; Stiftung v. Plains Mktg., L.P.,* 603 F.3d 295, 297 (5th Cir.2010); *Spotted Cat, LLC v. Bass,* 13-6100, 2014 WL 4072024, at *1 (E.D. La. 8/18/14).
[14] Rec. Doc. 1-3, p. 3 of 9.
[15] Rec. Doc. 1-4.
[16] *Etheridge v. Piper Aircraft Corp.,* 559 F.2d 1027, 1028 (5th Cir.1977); *Spotted Cat, LLC v. Bass,* 13-6100, 2014 WL 4072024, at *1 (E.D. La. 8/18/14).
[17] *Gebbia v. WalMart Stores, Inc.,* 233 F.3d 880, 882; LSA-C.C.P. art. 893.
[18] *Gebbia,* 233 F.3d at 882.
[19] *Id.* at 883.
[20] *Manguno,* 276 F.3d at 723, citing *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995).
[21] *In re 1994 Exxon Chem. Fire,* 558 F.3d 378, 387 (5th Cir. 2009); citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938).
[22] *Id., St. Paul Mercury Indem. Co. v. Red Cab Co.,* at 289, 58 S.Ct. 586.

is greater than the jurisdictional amount".[23]  Remand is proper only if the plaintiff has shown it is "legally certain that his recovery will not exceed the amount stated in the state complaint".[24] Along this line, *De Aguilar II* noted that this is not a "burden-shifting exercise.... [A] plaintiff must make all information known at the time he files his complaint".[25]  Plaintiffs are required to demonstrate to a legal certainty that they cannot recover more than the jurisdictional amount.[26]  Moreover, "jurisdiction is fixed at the time of removal and the jurisdictional facts supporting removal are examined as of the time of removal."[27]

Important to the instant remand motion, penalties under the Louisiana Insurance Code are considered in determining whether the amount in controversy requirement is satisfied.[28]  Here, plaintiffs admit that they are seeking damages, penalties and attorney fees pursuant to LSA-R.S. 22:1892.  Indeed, LSA-R.S. 22:1892(B)(1) allows recovery for fifty percent of the damages for failing to an insurer's failure to pay upon receipt of satisfactory proof of loss if the failure is found to be arbitrary, capricious and without probable cause.  However, plaintiff neglects to discuss all causes of action and claims for relief sought in the Petition.

First, plaintiffs are seeking relief pursuant to LSA-R.S. 22:1973 along with LSA-R.S. 22:1892.[29]  LSA-R.S. 22:1973(C) allows penalties in "an amount not to exceed two times the damages sustained".  Based on either the amount of damages claimed in the Petition ($93,389.33)

---

[23] *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009); citing *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995) (*De Aguilar II*).

[24] *Id.*

[25] *Id.*

[26] *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 388 (5th Cir. 2009).

[27] *Cochon De Lait, Ltd. v. Hartford Steam Boiler Inspection & Insurance Company*, 07-7455, 2008 WL 1835507 at *1 (E.D. La. 4/23/08); see also *Wicker v. American Sec. Ins. Co.,* 2008 WL 508910 *2 (E.D.La.2008); *Poynot v. Hicks,* 2002 WL 31040174 *3 (E.D.La.2002).

[28] *Id.* at *1.

[29] Petition for Damages, ¶ 2, Rec. Doc. 1-3, ¶¶ 6 and 7.

or the amount claimed in the Motion for Remand ($43,511.32), the potential award pursuant to LSA-R.S. 22:1973 itself far exceed the jurisdictional threshold of $75,000.00.

Second, plaintiffs are seeking damages for mental anguish against AIC.  In the case of *Orellana v. Louisiana Citizens Property Insurance Corporation*,[30] the Louisiana Fourth Circuit Court of Appeal upheld a general damages award of the Civil District Court for the Parish of Orleans of $125,000.00 for the insurer's bad faith failure to pay a Hurricane Katrina claim timely pursuant to LSA-R.S. 22:1973.  The decision in *Orellana* was recognized by the Federal Fifth Circuit Court of Appeal in *Dickerson v. Lexington Ins. Co.*[31]  As such, plaintiff's claims for mental anguish as part of a general damage award also evidence that plaintiff's claims also exceed the jurisdictional amount of $75,000.00 when considered contemporaneously with all damages sought in the Petition.

Third, plaintiffs are seeking damages for attorney fees as part of their allegations against AIC.  Presumably, plaintiffs have engaged counsel on a contingency fee basis based on any potential recovery in this matter.  As the claimed damages in this matter likely exceed $175,000.00 considering the amount claimed in the Petition, general damages and statutory penalties pursuant to LSA-R.S. 22:1892 and 22:1973, the attorney fees recoverable alone exceed the jurisdictional amount for diversity jurisdiction utilizing a common forty percent contingency fee contract based on recovery during litigation.

In the case at bar, AIC has shown that the total recovery for all allegations considered in plaintiffs' Petition undisputedly show that the amount in controversy exceeds the jurisdictional amount of $75,000.00.  Notably, as the jurisdiction is considered at the time of removal, this Honorable Court should deny plaintiffs' Motion to Remand solely on the amount sought in the

---

[30] 972 So.2d 1252, 2007-1095 (La. App. 4 Cir. 12/5/07)
[31] 556 F.3d 290, 07-30823, 07-30868 (5th Cir. 1/21/2009).

Petition of $93,389.33.  In addition, plaintiffs' claims for damages for mental anguish as well as statutory penalties pursuant to both LSA-R.S. 22:1892 and 22:1973 far exceed the jurisdictional amount of $75,000.00.  Because plaintiffs cannot demonstrate by a legal certainty they cannot recover more than $75,000.00, their Motion to Remand must be denied.

## II.    Plaintiff's Documents to Support their Remand Motion Do Not Amount to a Binding Stipulation

Because AIC has shown that it is apparent from the face of the petition that the claims are likely to exceed $75,000, plaintiffs may still defeat removal if they show that it is legally certain that their recovery will be less than $75,000.00.[32] To satisfy this standard, absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit *with* their complaints."[33]

Regarding this requirement, the Fifth Circuit has explained:

> The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings in these situations. Certainly, plaintiffs who plead for specific damages and who are in states that have procedural rules binding them to their pleadings will satisfy their burdens more easily. Others will have the same opportunity to avoid federal court but will have to choose another method to show their commitment to recovery below the threshold amount.[34]

In Louisiana state courts, plaintiffs are not limited to the damages requested in their pleadings.[35] Accordingly, for pre-removal state court pleadings and stipulations to be binding and, thus, preclude federal court removal, Louisiana plaintiffs must affirmatively renounce the right to accept a judgment in excess of $75,000.00.[36]  If it is apparent from the face of the petition that the

---

[32] *De Aguilar,* 47 F.3d at 1411-12.
[33] *De Aguilar,* 47 F.3d at 1412 (emphasis added).
[34] *Id.* at 1412, n. 10.
[35] LSA-C.C.P. art. 862.
[36] *Levith v. State Farm Fire and Cas. Co.,* Civil Action No. 06-2785, 2006 WL 2947906, *2 (E.D. La. 2006); *Crosby v. Lassen Canyon Nursery, Inc.,* Civil Action No. 02-2721, 2003 WL 22533617, *3 (E.D. La. 2003).

amount in controversy requirement is met at the time of removal, post-removal affidavits, stipulations, or amendments to the petition will not deprive the court of jurisdiction.[37]

In the case at bar, plaintiffs have failed to submit a binding stipulation that their damages will not exceed $75,000.00.  First, plaintiffs' submissions of the AOB[38] fails to state any amount recoverable other than $93,289.33, which obviously exceeds the jurisdictional amount.  Second, the Statement of Lien and Privilege and Invoice[39] do not renounce any right to accept less than a judgment in excess of $75,000.00.  Indeed, it appears that Statement of Lien and Privilege and Invoice are merely offered to evidence that the amount owed by Burton to plaintiffs is only $43,511.32.  Importantly, neither the Statement of Lien and Privilege nor Invoice specifically state that plaintiffs are irrevocably bound to receive less than $75,000.00.  Finally, based on the discussion above, it is apparent from the fact of the Petition that plaintiffs' claims for damages exceed $75,000.00. Accordingly, plaintiffs' Motion to Remand must be denied.

## CONCLUSION

As apparent from the face of the Petition, plaintiffs' claims for damages sought against AIC exceed the jurisdictional amount of $75,000.00.  Specifically, plaintiffs' damages arising out of the AOB, including the claims for mental anguish as well as statutory penalties and attorney fees pursuant to LSA-R.S. 22:1892 and 22:1973 clearly exceed $75,000.00.  Also, plaintiffs have failed to submit a binding and irrevocable stipulation stating their claims do not exceed $75,000.00. Accordingly, plaintiffs' Motion to Remand must be denied.

---

[37] *Gebbia,* 233 F.3d at 882.
[38] Rec. Doc. 1-3, p. 8 of 9.
[39] Rec. Doc. 8-3.

Respectfully submitted:


*/s/ Donald J. Latuso, Jr.*
**MATTHEW D. MONSON, T.A. (25186)**
**DONALD J. LATUSO, JR. (31495)**
**CHRISTINE E. BERGERON (30861)**
**BLAKE J. LUSK (35514)**
**THE MONSON LAW FIRM, LLC**
900 W. Causeway Approach, Suite A
Mandeville, Louisiana 70471
Telephone: (985) 778-0678
Facsimile: (985) 778-0682
Email: Matthew@Monsonfirm.com
        Donald@Monsonfirm.com
        Christine@Monsonfirm.com
        Blake@Monsonfirm.com
*Counsel for Americas Insurance*
*Company*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via electronic mail, facsimile or by depositing same in the United States mail, properly addressed, first-class postage prepaid, by the United States District Court for the Eastern District of Louisiana, this 7th day of September, 2016.


*/s/ Donald J. Latuso, Jr.*