UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STACY MORGAN, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-13900** |
| **AMERICAS INSURANCE COMPANY** | **SECTION: "H"(4)** |

### ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand (Doc. 8). For the following reasons, this Motion is **DENIED**.

### BACKGROUND

On June 15, 2016, Plaintiff filed a state court petition in the Civil District Court for the Parish of Orleans. Defendant Americas Insurance Company provided an insurance policy to Hollis Burton. Following a 2015 fire, Burton contracted with Plaintiff A-Plus Contractors to make repairs to his property. Burton executed a post lost "Assignment of Insurance Benefits" form in favor of Plaintiffs. Pursuant to this assignment, Plaintiffs seek payment from Defendant for the work completed on the property. On June 15, 2016,

1

Plaintiffs filed suit in Louisiana State Court seeking payment for the repair and remediation and damages for, inter alia, breach of contract, negligence, and arbitrary and capricious penalties, attorneys' fees, and general and special damages pursuant to Louisiana Revised Statutes §§ 22:1973 and 22:658. Defendant removed the matter to this Court on the basis of diversity jurisdiction on August 14, 2016. Plaintiffs responded with the instant Motion to Remand, which Defendant opposes.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[1] The burden is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper."[2] When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."[3] "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties."[4] Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand.[5]

---

[1] 28 U.S.C. § 1441(a).
[2] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[3] *Id.*
[4] *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996)
[5] *Id.*

## LAW AND ANALYSIS

As noted above, Defendant invokes the Court's diversity jurisdiction in removing this action. In order for a matter to fall within the Court's diversity jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75,000.[6] The parties do not dispute that they are citizens of different states; however, Plaintiffs argue that remand is warranted because the amount in controversy requirement is not met. Defendants respond, arguing that when Plaintiffs' claims for attorneys' fees and statutory penalties are considered, the $75,000 amount in controversy requirement is easily met.

The Court must look to the face of Plaintiffs' state court petition in determining the amount in controversy. Where the amount in controversy is ambiguous at the time of removal, a court may consider a post removal stipulation to the extent that it attempts to determine the amount in controversy as of the date of removal.[7] Additionally, where the complaint does not state a specific amount in controversy, a district court is to apply the following analytical framework in evaluating jurisdiction:

> In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[8]

---

[6] 28 U.S.C. § 1332.
[7] *Davis v. State Farm Fire & Cas.*, 2006 WL 1581272, *3 (E.D. La. 2006).
[8] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

"If the defendant meets his burden of showing the requisite amount in controversy, the plaintiff must then show that it is "legally certain" that he will recover less than $75,000."[9]

Here, Plaintiffs aver that their state court petition was ambiguous as to the precise amount sought. Though they noted in the Petition that the total for structural repair and remediation work came to $93,389.33, they have attached the Statement of Lien and Privilege and Invoice indicating that only $43,511.32 remains due and owing. Defendant responds, arguing that Plaintiffs ignore their claims for attorneys' fees, mental anguish, and penalties under Louisiana Revised Statutes §§ 22:1973 and 22:658, which allow for both collection of attorneys' fees and penalties in "an amount not to exceed two times the damages sustained." Thus, even accepting $43,511.32 as the base value of Plaintiffs' claims, it is apparent from the face of the complaint that the claims for statutory penalties, attorney's fees, and mental anguish bring the amount in controversy above the $75,000 threshold. Plaintiffs' introduction of the Statement of Lien and Privilege and Invoice, submitted in an attempt to clarify the amount in controversy, does nothing to abrogate these claims. Accordingly, because Plaintiffs cannot show to a legal certainty that they will recovery less than the jurisdiction threshold, remand is denied.[10]

---

[9] *Fields v. Markel Ins. Co.*, No. CIVA 09-6815, 2010 WL 1664028, at *2 (E.D. La. Apr. 22, 2010).

[10] The Court notes that Defendant has moved to dismiss the claims for statutory penalties and attorneys' fees. At present, however, these claims are still actively in dispute. The amount in controversy is judged at the time of removal, and actions taken in the matter once federal jurisdiction has been established that reduce the amount in controversy to below $75,000 generally do not deprive the court of jurisdiction. *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir.2000). Accordingly, the ultimate disposition of that motion will have no effect on the Court's jurisdiction.

4

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand (Doc. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 5) is **RESET** for submission on the Court's December 28, 2016 submission date.

New Orleans, Louisiana this 30th day of November, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**