UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STACY MORGAN AND A-PLUS CONTRACTORS, L.L.C. | * | CIVIL ACTION NO. 16-13900 |
| | * | DISTRICT JUDGE MILAZZO |
| VERSUS | | |
| | * | MAG JUDGE: ROBY |
| AMERICAS INSURANCE COMPANY | | |
| | * | |

\* \* \* \* \* \* \* \* \*

**PLAINTIFFS', STACY MORGAN AND A-PLUS CONTRACTORS, L.L.C.'S MEMORANDUM IN OPPOSITION TO 12(B)(6) MOTION TO DISMISS FILED BY DEFENDANT, AMERICAS INSURANCE COMPANY**

Plaintiffs, Stacy Morgan and A-Plus Contractors, L.L.C., through counsel of record, respectfully file this memorandum in opposition to party defendant, AMERICA'S INSURANCE COMPANY's (hereinafter "AIC") 12(b)(6) Motion To Dismiss. Simply-put, based on the undisputed, valid assignment of benefits agreement at issue coupled with the multitude of allegations posited by complainant against AIC consisting of negligence, breach of contract, bad faith treatment, and the jurisprudential high requirements to grant a 12(b)(6) motion, the instant motion should be denied.

**I.  FACTS AND BACKGROUND**

Plaintiffs filed suit with the Civil District Court for the Parish of Orleans on June 14, 2016 against defendant, America's Insurance Company. (hereinafter "Americas") The petition and entire claim is based on a valid "Assignment of Benefits" form signed by the America's policyholder Hollis Burton and the owner of A-Plus Contractors, L.L.C.[1]  There is no dispute that

---

[1] *See* Exhibit "A" – Signed Contractual Assignment of Benefits Form.

the assignment of benefits contract is valid between the plaintiffs, and the AIC insured, Hollis Burton. It is also undisputed that plaintiff A-Plus Contractor, L.L.C. was the contractor who performed fire repairs to Hollis Burton's home in 2015. It is also undisputed that the fire was an "occurrence" under the policy of insurance issued by AIC which required AIC to comply with its duties under the policy to issue payments to its insured, Hollis Burton.

A-Plus Contractors and Stacy Morgan were paid some portion of their work, but, there remains an outstanding amount of $43,511.32 owed to plaintiffs from Hollis Burton, and by virtue of the assignment of benefits form, from AIC. This is further evidenced in the "Statement of Lien and Privilege Pursuant to La. Rev. Statue 9:4801, *Et. Seq*" which was filed with the New Orleans Mortgage and Conveyance Offices on September 17, 2015.[2] This Court evaluated the above facts and discussed the existence of the Assignment of Benefits Contract in its Order dated November 30, 2016 denying the Motion To Remand.[3]

That Assignment of Benefits Form, which is an agreement, assigns the "remaining insurance amounts" owed to A-Plus Contractors, L.L.C. and its owner, Stacy Morgan. This allows the plaintiffs to pursue the claims under the insurance policy directly against AIC in lieu of proceeding against the AIC insured, Hollis Burton. As discussed *infra* in the legal argument section, these assignment of benefits contracts are valid in the State of Louisiana. In particular, they are absolutely valid especially when they are created on a "post-loss" basis, i.e., after the fire occurrence had already occurred in the instant mater.

---

[2] *See* Exhibit "B" – Statement of Lien and Privilege Pursuant To La. Rev. Statute 9:4801, *Et. Seq*. Filed by A-Plus Contractors, L.L.C. evidencing the remaining amount of $43,511.32 still owed on this job by Hollis Burton, and, by virtue of the Assignment Of Benefits Form, America's Insurance Company.
[3] *See* Document Record No. 14.

The assignment benefits contract provides for the assignment of the insurance benefits and rights to the plaintiffs, including those rights provided under the insurance bad faith statutes codified in 22:1892 and 22:1973 *on a post-loss basis.* Second, the failure of the AIC policy of insurance to specify that no assignment could occur on a "post-loss" basis is fatal to the motion filed by AIC under established Louisiana Supreme Court jurisprudence.

## II.  LAW AND ARGUMENT

### A.  STANDARD OF REVIEW

A 12(b)(6) motion to dismiss for failure to state a claim is "rarely granted." *Myers v. Guardian Life Ins. Co. of Am.*, 5 F. Supp 2d 423 (D.Miss. 1998), *citing Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986); Sosa v. Coleman, 646 F.2d 991, 993 (5th Cir. 1981). The Court must construe the complaint in favor of the plaintiff and assume the truth of the facts pleaded. *Brown v. Nationsbank Corp.*, 188 F. 3d 579, 586 (5th Cir. 1999). The complaint should not be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  A pleading will survive a Rule 12(b)(6) motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570. "A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). **The court must accept all of the plaintiff's allegations as true**. *Twombly,* 550 U.S. at 550.  *Dikan v. Cypress Bend Resort*, No. CIV.A. 12-2626, 2013 WL 2244635, at *2 (W.D. La. May 21, 2013)

**B. SUMMARY OF RESPONSE TO MOTION**

First, AIC seemingly agrees that the Assignment of Benefits Contract executed between the plaintiffs and the AIC insured, Hollis Burton, is valid, except for an alleged lack of consent by AIC for the assignment. That latter issue is refuted by Louisiana Law on post-loss assignment clauses in the State of Louisiana. Second, the supposed analogous case cited by AIC in *R.L. Lucien Tile Co., Inc. ex re. Cage v. Am. Sec. In. Co.* is not analogous. That case did not deal with an assignment of insurance benefits or rights for a post-loss occurrence or event; it related only to a general quitclaim.[4] Finally, Louisiana Law recognizes the applicability of post-loss assignment of benefits and rights contracts which can provide the assignee with full rights, including those for bad faith insurance treatment under 22:1892 and 22:1973.

    **C. This Case Concerns A <u>Post-Loss</u> Insurance Assignment Of Rights And Benefits. Absent Policy Terminology Prohibiting The "Post-Loss" Assignment In The AIC Policy Of Insurance, The Louisiana Supreme *Court In re Katrina Canal Breaches Litig.*, 2010-1823 (La. 5/10/11), 63 So. 3d 955, 963 Elucidated These Post-Loss Assignments As Enforceable.**

In the Louisiana Supreme Court case in *In re Katrina Canal Breaches Litig.*, 2010-1823 (La. 5/10/11), 63 So. 3d 955, 960–61 the Court examined the differences between pre-loss and post-loss assignment of rights/benefits contracts. The Court reasoned:

> While *Geddes* [a seminal case on assignments] was decided prior to the enactment of Article 2653, *Geddes* correctly expresses the prevailing American rule distinguishing between pre-loss and post-loss assignments.[9] In differentiating between the two, courts reason that allowing an insured to assign the right to

---

[4] Indeed, AIC fails to cite this part of the *R.L. Lucien* opinion which recognized that the alleged assignment did not pertain to insurance proceeds:

> Nor does the language of this document assign any interest in the ASIC insurance policy to Lucien Tile. This document indicates that the Cages were assigning to Lucien Tile a claim arising under fair debt collection practice law pursuant to and pertinent to the EMC mortgage
>
> *R.L. Lucien Tile Co., Inc. ex rel. Cage v. Am. Sec. Ins. Co.*, 2008-1190 (La. App. 4 Cir. 3/11/09), 8 So. 3d 753, 756

coverage (pre-loss) would force the insurer to protect an insured with whom it had not contracted-an insured who might present a greater level of risk than the policyholder. However, allowing an insured to assign its right to the proceeds of an insurance policy (post-loss) does not modify the insurer's risk. The insurer's obligations are fixed at the time the loss occurs, and the insurer is obligated to cover the loss agreed to under the terms of the policy. This obligation is not altered when the claimant is not the party who was originally insured.

Most importantly, the Court in *In Re Katrina Canal Breaches Litig.* stated:

> **Although we hold that parties may contract to prohibit post-loss assignments, we also hold the contract language must clearly and unambiguously express that the non-assignment clause applies to post-loss assignments**.[5]

In the instant matter the AIC policy says nothing about post-loss assignments. As required by *In Re Katrina Canal Breaches Litig.* any anti-assignment clause must have clearly and unambiguously applied to a "post-loss" assignment. [6] The decision in *In Re Katrina Canal Breaches Litig.* came after and clearly distinguished the holding and reasoning in AIC's chief case, *R.L. Lucien Tile Co., Inc.* Here, the assignment of insurance benefits contract executed between A-Plus Contractors, L.L.C., Stacy Morgan, and the AIC insured, Hollis Burton occurred post-loss; it occurred after the fire took place. A-Plus Contractors, L.L.C. was the construction entity hired to make repairs to the home *after* the fire loss.  The fire indisputably occurred prior to A-Plus Contractors, L.L.C. being hired by Hollis Burton, and well before the Assignment of Insurance

---

[5] *Id.* at 963.  The Court further stated:

> Insurance is a highly regulated industry, and insurers are well aware of the distinction between pre-loss and post-loss assignments. Post-loss assignment of claims arising under the policy is not equivalent to the assignment of the policy itself, or an interest in the policy. Given the categorical difference, we find it incumbent on insurers to include clear and unambiguous language in their policies. We do not find it necessary to formulate a test consisting of specific terms or words, however the insurer must include language making it clear and explicit that post-loss assignments are prohibited under the policy.
>
> *In re Katrina Canal Breaches Litig.*, 2010-1823 (La. 5/10/11), 63 So. 3d 955, 963

[6] Indeed, on page 34 of the AIC policy, the section "Assignment" reads as follows without any mention of the post-loss phraseology:

> "E. Assignment
>   Assignment of this policy will not be valid unless we give our written consent."

Benefits Form was signed. Thus, under the Louisiana Supreme Court's directive *In Re Katrina Canal Breaches Litig.*, the assignment is absolutely valid since the AIC policy does not prohibit "post-loss" assignment of benefits/rights as required by the doctrine in *In Re Katrina Canal Breaches Litig.*

> **D. AIC Cites No Law Or Case To Support Its Position That Insurance Bad Faith Penalties Allowed Under The Bad Faith Treatment Statutes Cannot Be Assigned. In Fact, The Eastern District Of Louisiana Has Stated That Bad Faith Penalties Can Be Assigned.**

AIC only cited the later Louisiana Supreme Court distinguished *R.L. Lucien Tile Co.* case in its argument that the plaintiffs cannot be validly assigned penalties under the bad faith statutes codified in La. R.S. 22:1892 and 22:1973. Yet, there is no statute which prohibits the plaintiffs from being assigned **all** rights under the policy of insurance issued by AIC to its insured, Hollis Burton. This particularly applies since this was a post-loss assignment, which is absolutely allowed under the jurisprudential progeny in the Louisiana Supreme Court decision *In Re Katrina Canal Breaches Litig.*, which absolutely distinguished the quitclaim situation in *R.L. Lucien Tile Co.*

The Louisiana Supreme Court has long recognized that the freedom to contract is an important public policy. See *Barrera v. Ciolino,* 92–2844 (La.5/5/94), 636 So.2d 218, 223. ("[P]arties are free to contract for any object that is lawful, possible, and determined or determinable. La. C.C. art. 1971. "Freedom of contract" signifies that parties to an agreement have the right and power to construct their own bargains. In a free enterprise system, parties are free to contract except for those instances where the government places restrictions for reasons of public policy. The state may legitimately restrict the parties' right to contract if the proposed bargain is found to have some deleterious effect on the public or to contravene some other matter of public policy.) *citing: Louisiana Smoked Products, Inc. v. Savoie's Sausage and Food Products, Inc.,* 96–1716 (La.7/1/97), 696 So.2d 1373,1380–81.

Under Louisiana law, "all rights may be assigned, with the exception of those pertaining to obligations that are strictly personal. The assignee is subrogated to the rights of the assignor against the debtor." La. Civ. Code art. 2642. When an obligee's rights are assigned to another, the assignee "steps into the shoes" of the obligee. *Hose v. Younger Bros., Inc.,* 878 So.2d 548, 550 (La.Ct.App.2004). The assignee "acquires only those rights possessed by its assignor at the time of assignment." *Del-Remy Corp. v. Lafayette Ins. Co.,* 616 So.2d 231, 233 (La.Ct.App.1993). Most importantly, the right to pursue damages for an insurer's failure to comply with its duties *is not* such a strictly personal obligation. *Steirwald v. Phoenix Ins. Co.*, 2001 WL 617542 at *2 (E.D. La. May 30, 2001). Although the insurer's duties are owed only to the insured, "claims for breach of [those] duties [may] be asserted by ... someone who derives his right from the insured." *Id.* (quoting William Shelby McKenzie and H. Alston Johnson, Insurance Law and Practice, 15 Louisiana Civil Law Treatise at ¶ 222). **"Accordingly, the Court finds that article 2642 allowed Pontchartrain to assign any nascent causes of action under 22:1220 to Viper."** *Pontchartrain Gardens, Inc. v. State Farm Gen. Ins. Co.*, No. CIV.A. 07-7965, 2009 WL 86671, at *5 (E.D. La. Jan. 13, 2009)

Under a 12(B)(6) analysis, in which this Court must accept all of the pled allegation as true, the motion filed by AIC must be dismissed. A valid, post-loss assignment of insurance benefits exists between the plaintiffs and the AIC insured, Hollis Burton. The AIC policy does not prohibit a post-loss assignment, which is fatal to AIC's entire motion. Moreover, the jurisprudence above states that penalties under the bad faith insurance statutes can be assigned. The plaintiffs validly obtains an assignment of the insurance benefits from the AIC insured, Hollis Burton, through the attached assignment.

## III. CONCLUSION

**WHEREFORE**, plaintiffs, Stacy Morgan and A-Plus Contractors, L.L.C., through counsel of record, request that this Court deny the instant motion filed by AMERICAS INSURANCE COMPANY. Simply-put, the standards required for this Court to grant a 12(b)(6) Motion To Dismiss are high and not present in the instant motion. A valid assignment of rights/benefits contract exists between the plaintiffs and the AIC insured, Hollis Burton. Louisiana Jurisprudence is replete with decisions allowing for such an assignment to be valid, which transfers all of the post-loss insurance rights and benefits available to Hollis Burton from AIC, to the plaintiffs in this matter. Further, the Eastern District has stated that bad faith penalties available by virtue of an insurance contract are not personal in nature, and can be validly assigned.

Respectfully submitted:

LAHATTE LAW FIRM, L.L.C.

*/s Joseph "Joey" F. LaHatte III*

_____

**Joseph "Joey" F. LaHatte, III No. 31224**
4405 Zenith Street Suite A
Metairie, Louisiana 70001
Telephone:    (504) 309-2996
Facsimile:    (855) 733-8180
joey@lahattelaw.com
Attorney for Stacy Morgan and A-Plus Contractors, L.L.C.

## **CERTIFICATE OF SERVICE**

    I hereby certify by my signature that a copy of the foregoing pleading has been served on counsel for all parties electronically and is available for viewing or downloading from the ECF system, or by placing same in the United States mail to, all parties listed below, those who have not received electronic notification, postage prepaid, addressed to their respective offices, this 20th day of December, 2016.

                                       */s Joseph "Joey" F. LaHatte III*
                                       _____
                                       JOSEPH "JOEY"F. LAHATTE, III