UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STACY MORGAN AND<br>A-PLUS CONTRACTORS, LLC | * | CIVIL ACTION NO. 2:16-CV-13900 |
| Plaintiffs | * | |
| VERSUS | * | JUDGE:  JANE TRICHE MILAZZO |
| AMERICAS INSURANCE<br>COMPANY | * | MAGISTRATE JUDGE:<br>KAREN WELLS ROBY |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE ARTICLE 12(b)(6)**

**NOW INTO COURT,** through undersigned counsel, comes Americas Insurance Company (hereinafter "AIC"), who respectfully submits its Supplemental Memorandum in Support of its Motion to Dismiss.  AIC moves this Honorable Court to dismiss the plaintiffs, Stacy Morgan and A-Plus Contractors, L.L.C. (hereinafter "plaintiffs") claims against AIC for the individual claims of Stacy Morgan as well as all claims for statutory penalties and attorney fees pursuant to LSA-R.S. 22:1892 and 22:1973.

First, Stacy Morgan's ("Morgan") claim must fail as he does not show why he is a proper party is not privy to any contract with the AIC insured, Hollis Burton ("Burton"), either arising out of the repair to the property at issue in the matter following the fire or the assignment of benefits ("AOB").  Indeed, plaintiffs admit that the AOB was signed by "America's (sp) policyholder Hollis Burton and the owner of A-Plus Contractors, L.L.C."[1]  As such, Stacy Morgan's claims against AIC must be dismissed with prejudice as he is not a proper party pursuant to Fed. R. Civ. P. 17 as a matter of law.

---
[1] Rec Doc. 15, p. 1.

Second, pursuant to controlling Louisiana jurisprudence, not unpublished opinions of the Eastern District of Louisiana, plaintiffs are not insureds of the AIC Policy at issue in this matter and thus cannot bring claims against AIC for statutory penalties and attorney fees pursuant to LSA-R.S. 22:1892 and 22:1973. Accordingly, this Honorable Court should grant AIC's Motion to Dismiss and dismiss Morgan's claims against AIC in their entirety and dismiss the claims against AIC for statutory penalties and attorney fees pursuant to LSA-R.S. 22:1892 and 22:1973, with prejudice, at plaintiffs' costs.

**I.    The Louisiana Fourth Circuit Court of Appeal's Decision in *R.L. Lucien Tile Co.* is Controlling in this Matter**

Plaintiffs are seeking statutory penalties and attorney fees pursuant to LSA-R.S. 22:1892 and 22:1973 as part of the AOB executed by A-Plus and Burton, the actual AIC insured. Plaintiffs cite to the unpublished decision in *Ponchartrain Gardens, Inc., v. State Farm Gen Ins. Co.*[2] to support their position that they are entitled to damages pursuant to the Louisiana Insurance Code. *Ponchartrain Gardens* is merely a district court's *Erie* guess concerning the application of the Louisiana Insurance Code regarding a non-insured. Notably, *Ponchartrain Gardens* has not been followed regarding an assignee's ability to pursue statutory penalties and attorney fees pursuant to LSA-R.S. 22:1892 and 22:1973. As such, *R.L. Lucien Tile Co., Inc. ex rel. Cage v. Am. Sec. Ins. Co.*[3] is the controlling jurisprudence in this matter, thus deeming the *Erie* guess in *Ponchartrain Gardens* moot and inapplicable.

Importantly, *R.L. Lucien Tile Co., Inc. ex rel. Cage v. Am. Sec. Ins. Co.*[4] is a Louisiana Fourth Circuit Court of Appeal decision that was rendered two months following the Honorable Judge Vance's decision in *Ponchartrain Gardens.* "If the Louisiana Supreme Court has not

---

[2] 07-7965 (E.D. La. 1/13/09), 2009 WL 86671 (Vance, S.).
[3] 2008-1190 (La. App. 4 Cir. 3/11/09), 8 So. 3d 753.
[4] 2008-1190 (La. App. 4 Cir. 3/11/09), 8 So. 3d 753.

ruled on this issue, then this Court must make an '*Erie* guess' and determine as best it can what the Louisiana Supreme Court would decide."[5] "In making an *Erie* guess, **[federal courts] defer to intermediate state appellate court decisions**, unless convinced by other persuasive data that the highest court of the state would decide otherwise."[6] The Court's task is to "predict state law, not create or modify it."[7]

In the case at bar, this Honorable Court should defer to the intermediate Louisiana Fourth Circuit Court of Appeal's decision in *R.L. Lucien* concerning the application of LSA-R.S. 22:1892 and 22:1973 for a non-insured.  Importantly, *R.L. Lucien* cites to the Louisiana Supreme Court's decision in *Reed v. State Farm Mut. Auto Ins. Co.*[8], stating that the penal statutes must be "strictly construed". As such, *R.L. Lucien* eliminates the necessity for an *Erie* guess as the Louisiana Fourth Circuit Court of Appeal has previously ruled on the issue of LSA-R.S. 22:1892 and 22:1973 for a non-insured.  Moreover, *R.L. Lucien* clarifies the Honorable Judge Vance's ruling in *Ponchartrain Gardens* as the Louisiana Fourth Circuit's decision was rendered following the Honorable Judge Vance's decision.  Indeed, *R.L. Lucien* is directly on point to the instant matter, as it implicitly ruled that a non-insured cannot recover under the penal statutes LSA-R.S. 22:1892 and 22:1973. Accordingly, this Honorable Court should dismiss plaintiffs' claims for statutory penalties and attorney fees pursuant to LSA-R.S. 22:1892 and 22:1973 as these statutes are penal in nature and must be strictly construed based on the Louisiana Fourth Circuit's decision in *R.L. Lucien.*

---

[5] *Hanover Ins. Co. v. Plaquemines Par. Gov't,* 12-1680, 304 F.R.D. 494, 496–97 (E.D. La. 2/10/15); *Howe ex rel. Howe v. Scottsdale Ins. Co.,* 204 F.3d 624, 627 (5th Cir.2000) (citing *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)).
[6] *Id.*
[7] *Id.* (emphasis added.)
[8] 2003-0107, pps. 13, 14, 15 (La.10/21/03), 857 So.2d 1012, pps. 1021, 1022, 1023.

II.  **The AOB Does Not Assign Any Statutory Rights Held by the Insured to the Plaintiff Louisiana Contract Interpretation**

Plaintiffs are seeking statutory penalties and attorney fees pursuant to LSA-R.S. 22:1892 and 22:1973 through an AOB executed by and between AIC's insured.  However, a plain reading of the AOB does not provide that plaintiffs obtained the right to seek damages under these penal statutes.  Indeed, the AOB specifically states that "Hollis Burton now desires to assign all benefits for the remaining insurance amounts owed to A-Plus Contractors, L.L.C. and its owner, Stacy Morgan, for A-Plus Contractors, L.L.C. and Stacy Morgan to receive full payment for all work performed."[9]  As discussed below, the AOB does not allow plaintiffs to pursue claims pursuant to LSA-R.S. 22:1892 and 22:1973 as AIC's insured did not assign these to plaintiffs per the AOB.

Interpretation of a contract is the determination of the common intent of the parties.[10]  When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent.[11]  The words of a contract must be given their generally prevailing meaning.  Words of art and technical terms must be given their technical meaning when the contract involves a technical matter.[12]  Words susceptible of different meanings must be interpreted as having the meaning that best conforms to the object of the contract.[13]  A provision susceptible of different meanings must be interpreted with a meaning that renders it effective and not with one that renders it ineffective.[14]  Each provision in

---

[9] Rec. Doc. 15-1, ¶ 3.
[10] LSA-C.C. art. 2045.
[11] LSA-C.C. art. 2046.
[12] LSA-C.C. art. 2047.
[13] LSA-C.C. art. 2048.
[14] LSA-C.C. art. 2049.

a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole.[15]

Although a contract is worded in general terms, it must be interpreted to cover only those things it appears the parties intended to include.[16] In case of doubt that cannot be otherwise resolved, a provision in a contract must be interpreted against the party who furnished its text.[17] In case of doubt that cannot be otherwise resolved, a contract must be interpreted against the obligee and in favor of the obligor of a particular obligation.[18]

A review of the AOB language clearly establishes that Hollis Burton did not assign his rights to recovery pursuant to the Louisiana Insurance Code to plaintiffs. As discussed above, Burton merely assigned plaintiffs the benefits to "the remaining insurance amounts" in order to allow plaintiffs to "receive full payment for all work performed."[19] Also, Burton assigned the "remaining benefits" of the insurance policy "for [the] structural repair" to plaintiffs.[20] Notably, the AOB neither considers nor discusses personal rights held by Hollis Burton to recover under the Louisiana Insurance Code. Indeed, the AOB is carefully worded to consider the sole recovery of "the remaining insurance amounts" as the only benefit assigned to plaintiffs by Burton. As such, plaintiffs are seeking damages against AIC that they have not been assigned to by AIC's insured. The Louisiana Civil Code's articles on contract interpretation recited above does not allow such an expansion of a contract between two parties. Accordingly, this Honorable Court must dismiss plaintiffs' claims for statutory penalties and attorney fees pursuant to LSA-R.S. 22:1892 and 22:1973 pursuant to the Louisiana Civil Code articles regarding contract interpretation.

---

[15] LSA-C.C. art. 2050.
[16] LSA-C.C. art. 2051.
[17] LSA-C.C. art. 2056.
[18] LSA-C.C. art. 2057.

## **CONCLUSION**

Based on the improper party designation and inability to recover for certain claims pursuant to the AIC Policy, AIC's Motion to Dismiss must be granted as a matter of law. First, Stacy Morgan is not a proper plaintiff pursuant to Fed. R. Civ. P. 17, as only A-Plus is privy to any contracts for either the repair of the property or the AOB. This is uncontested by plaintiffs. Second, plaintiffs' claims for statutory penalties and attorney fees pursuant to LSA-R.S. 22:1892 and 22:1973 must be dismissed. The Louisiana Fourth Circuit's decision in *R.L. Lucien* is controlling in this matter as well as the AOB did not assign plaintiffs the rights to pursue damages for these claims for penal damages. For the foregoing reasons, AIC respectfully moves this Honorable Court to dismiss the claims of the plaintiffs and grant AIC's Motion to Dismiss.

Respectfully submitted:

*/s/ Donald J. Latuso, Jr.*
**MATTHEW D. MONSON, T.A. (25186)**
**DONALD J. LATUSO, JR. (31495)**
**CHRISTINE E. BERGERON (30861)**
**BLAKE J. LUSK (35514)**
**THE MONSON LAW FIRM, LLC**
900 W. Causeway Approach, Suite A
Mandeville, Louisiana 70471
Telephone: (985) 778-0678
Facsimile: (985) 778-0682
Email: Matthew@Monsonfirm.com
　　　　Donald@Monsonfirm.com
　　　　Christine@Monsonfirm.com
　　　　Blake@Monsonfirm.com
*Counsel for Americas Insurance Company*

---

[19] Rec. Doc. 15-1, ¶ 3.
[20] *Id.,* ¶ 1.

- 7 -

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via electronic mail, facsimile or by depositing same in the United States mail, properly addressed, first-class postage prepaid, by the United States District Court for the Eastern District of Louisiana, this 26th day of December, 2016.

                                                     */s/ Donald J. Latuso, Jr.*