**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **STACY MORGAN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-13900** |
| **AMERICAS INSURANCE COMPANY** | **SECTION: "H"(4)** |

## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss (Doc. 5). For the following reasons, this Motion is **DENIED**.

## BACKGROUND

Following a 2015 fire, Hollis Burton hired A-Plus Contractors, LLC (A-Plus) to perform remediation and repairs to his property. Burton was insured for this loss by Defendant Americas Insurance Company ("AIC"). Burton executed a post-lost "Assignment of Insurance Benefits" ("AOB") form in favor of A-Plus, whereby he assigned all benefits of the policy relative to the 2015 fire claim. Pursuant to this assignment, Plaintiffs seek payment from Defendant for the work completed on the property. On June 15, 2016,

Plaintiffs filed suit in Louisiana State Court seeking payment for the repair and remediation costs and damages for breach of contract, negligence, and arbitrary and capricious penalties, attorneys' fees, and general and special damages pursuant to Louisiana Revised Statutes §§ 22:1973 and 22:658. Defendant removed the matter to this Court on the basis of diversity jurisdiction on August 14, 2016 and promptly filed a Motion to Dismiss.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The Court need not, however, accept as true legal conclusions couched as factual allegations.[4]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[6] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[7]

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[2] *Id.*

[3] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

[4] *Iqbal*, 556 U.S. at 667.

[5] *Id.*

[6] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

[7] *Lormand*, 565 F.3d at 255–57.

## LAW AND ANALYSIS

In this Motion, Defendant makes three arguments relative to the sufficiency of Plaintiffs' claims. First, it argues that Stacy Morgan lacks standing to bring this suit. Second, it argues that Plaintiffs' breach of contract claim must be dismissed because there is no contract between AIC and Plaintiffs. Finally, it argues that Plaintiffs' cannot bring claims for statutory penalties and attorneys' fees pursuant to La. Rev. Stat. §§ 22:1892 and 22:1973. The Court will address these arguments in turn.

**I. Stacy Morgan's Standing to Bring this Action**

Defendant first argues that Morgan does not have standing to bring suit against AIC personally pursuant to Federal Rule of Civil Procedure 17, which provides, in pertinent part:

> (b) Capacity to Sue or Be Sued. Capacity to sue or be sued is determined as follows:
> (1) for an individual who is not acting in a representative capacity, by the law of the individual's domicile;
> (2) for a corporation, by the law under which it was organized; and
> (3) for all other parties, by the law of the state where the court is located

Because Morgan is domiciled in Louisiana, his capacity to sue in this action is governed by Louisiana law. Under Louisiana law, "[e]xcept as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts."[8]

Defendant asserts that Stacy Morgan lacks the capacity to bring this suit because he did not personally accept assignment of Burton's rights as an insured. A plain reading of the Assignment of Benefits form indicates that

---

[8] La. Code Civ. Pro. art. 681.

Burton assigned "all remaining benefits for his insurance policy with America's Insurance Company for structural repair as it relates to the fire claim which occurred in 2015 . . . to A-Plus Contractors, L.L.C. **and** Stacy Morgan."[9] Notably absent is any language indicating that Morgan is precluded from bringing claims in his personal capacity. Accordingly, the plain language of the AOB gives Stacy Morgan standing to pursue this action.

**II. Viability of Breach of Contract Claims**

Defendant next avers that Plaintiffs cannot assert breach of contract claims against it because they only executed a contract with Burton, their insured. This appears to the Court to be a challenge to the validity of the AOB, whereby Burton assigned to Plaintiffs "all remaining benefits for his insurance policy with America's Insurance Company" relative to the 2015 fire claim. As a post-loss assignee, Plaintiffs acquired those rights possessed by the assignor at the time of the assignment, essentially stepping into Burton's shoes.[10] Accordingly, if the AOB is valid, Plaintiffs may step into Burton's shoes and pursue an action for breach of contract relative to the claim.

Under Louisiana law, "[a]ll rights may be assigned, with the exception of those pertaining to obligations that are strictly personal. The assignee is subrogated to the rights of the assignor against the debtor."[11] This general principle is, however, subject to restrictions, in that "[a] right cannot be assigned when the contract from which it arises prohibits the assignment of that right."[12] With regard to post-loss assignments of insurance claims, any policy language purporting to limit such assignments must "mak[e] it clear and

[9] Doc. 15-1 (emphasis added).
[10] *Del-Remy Cor. V. Lafayette Ins. Co.*, 616 So. 2d 231, 233 (La. App. 5 Cir. 1993).
[11] La. Civ. Code art. 2642.
[12] La. Civ. Code art. 2653.

explicit that post-loss assignments are prohibited under the policy."[13] This rule recognizes the inherent distinction between a post-loss assignment of claims arising under a policy, where the insurer's liability is already fixed, and an assignment of the policy itself, which might expose an insurer to more liability than it contemplated.[14] Put differently, "[p]ost-loss assignment of claims arising under the policy is not equivalent to the assignment of the policy itself, or an interest in the policy."[15]

The insurance policy in this matter states that "[a]ssignment of this policy will not be valid unless we give our written consent."[16] Notably absent from this provision is any language limiting post-loss assignment of claims. Accordingly, the Court finds that Burton had the right to assign his rights relative to the 2015 fire claim. Having allegedly accepted such an assignment, Plaintiffs may step into his shoes and assert any claims that he may have relative to AIC, including breach of contract claims. Defendant's Motion is therefore denied in this respect.

**III. Claims for Statutory Penalties and Attorneys' Fees**

Defendant finally contends that Plaintiffs' claims for bad faith penalties and attorneys' fees brought pursuant to La. Rev. Stat. §§ 22:1892 and 22:1973 must be dismissed. It relies on the Louisiana Fourth Circuit Court of Appeal case of *R.L. Lucien Tile Company Inc. v. American Sec. Ins. Co*. for the proposition that such claims may not be assigned.[17] The Court finds that case to be distinguishable from this matter. Though the court in that case found that a putative assignee could not bring a bad faith claim, this ruling followed

[13] *In re Katrina Canal Breaches Litigation*, 63 So. 3d 955, 962 (La. 2011).
[14] *Id.*
[15] *Id.*
[16] Doc. 5-4 at 34.
[17] 8 So. 3d 753 (La. App. 4 Cir. 2009).

the court's finding that the putative assignee did not hold a valid assignment. Moreover, this case's lack of precedential value in cases involving claim-specific post-loss assignments has been noted by both another section of this Court[18] and the Louisiana Supreme Court.[19]

The Court finds that assignment of bad faith claims is consistent with the general principle that "all rights may be assigned," as previously discussed.[20] Indeed, the Louisiana Supreme Court has recently noted that when a plaintiff brings suit as an assignee, they have stepped into the shoes of the assignor and can bring claims as an insured.[21] This view was echoed by another section of this Court in *Pontchartrain Gardens, Inc. v. State Farm General Ins. Co.*, wherein Judge Vance found that Louisiana law did not bar an assignee from bringing claims for bad faith damages pursuant to La. Rev. Stat. § 22:1973.[22] This Court finds that analysis persuasive.[23] Accordingly, Plaintiff's Motion to dismiss is denied with regard to Plaintiffs' claims under La. Rev. Stat. §§ 22:1892 and 22:1973.

---

[18] *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182, 2009 WL 1046016, at *3 (E.D. La. Apr. 16, 2009).

[19] *In re Katrina Canal Breaches Litigation*, 63 So. 3d at 962.

[20] La. Civ. Code art. 2642.

[21] *Kelly v. State Farm Fire & Cas. Co.*, 169 So. 3d 328, 335 (La. 2015).

[22] *Pontchartrain Gardens, Inc. v. State Farm Gen. Ins. Co.*, No. 07-7965, 2009 WL 86671, at *4 (E.D. La. Jan. 13, 2009).

[23] Defendant urges the Court to disregard *Pontchartrain Gardens* as a non-binding *Erie* guess in light of the latter-issued *R.L. Lucien* case. Because the Court finds *Lucien* distinguishable, *Pontchartrain Gardens* retains its persuasive value.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Dismiss (Doc. 5) is **DENIED**.

New Orleans, Louisiana this 6th day of February, 2017.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**