UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STACY MORGAN and | * | CIVIL ACTION NO. 2:16-cv-13900 |
| A-PLUS CONTRACTORS, LLC | * | |
| Plaintiff | * | JUDGE JANE TRICHE MILAZZO |
| | * | |
| VERSUS | * | MAGISTRATE KAREN WELLS ROBY |
| | * | |
| AMERICAS INSURANCE COMPANY | * | |
| Defendants | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER

**NOW INTO COURT**, through undersigned counsel, comes defendant, Americas Insurance Company (hereinafter "Americas"), who submits its answer to the Petition for Damages of plaintiffs, Stacy Morgan and A-Plus Contractors, LLC (hereinafter "plaintiffs"), and responds as follows:

## FIRST DEFENSE

Plaintiffs' Petition for Damages fails to state a claim, clause or right of action upon which relief may be granted against Americas.

**AND NOW**, without waiving any of the foregoing defenses, Americas answers the allegations of the Petition for Damages categorically and by paragraph.

I.

The allegations of Paragraph 1 of the Petition for Damages are denied in part as it contains legal conclusions but admitted in part as Americas Insurance Company is a foreign insurance company authorized to do and doing business in the state of Louisiana.

II.

The allegations of Paragraph 2 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein and Americas shall require strict proof thereof.

III.

The allegations of Paragraph 3 of the Petition for Damages are denied except to admit that Americas issued a Policy of Insurance, but that such policy as a written document is the best evidence of its terms, conditions, provisions and exclusions and Americas pleads such terms, conditions, provisions and exclusions as if copied herein *in extenso*.

IV.

The allegations of Paragraph 4 of the Petition for Damages are denied and Americas shall require strict proof thereof.

V.

The allegations of Paragraph 5 of the Petition for Damages are denied and Americas shall require strict proof thereof.

VI.

The allegations of Paragraph 6 of the Petition for Damages, including subparagraphs 1 through 4, are denied and Americas shall require strict proof thereof.

VII.

The allegations of Paragraph 7 of the Petition for Damages, including subparagraphs 1 through f, are denied and Americas shall require strict proof thereof.

Americas denies the allegations contained in any un-numbered or mis-numbered paragraphs and in the Prayer for relief of the Petition for Damages not heretofore addressed.

**AND NOW**, further answering the Petition for Damages, Americas avers as follows:

VIII.

The Petition for Damages fails to state a claim, cause or right of action upon which relief may be granted against Americas, and the action is premature.

IX.

To the extent that plaintiffs have already received payment from Americas for their loss, Americas avers that those payments were appropriate, that plaintiffs have already been paid everything that is owed under the insurance policy and in the event of a further judgment in favor of plaintiffs, Americas claims a credit or a set-off all amounts previously paid.

X.

To the extent that Americas herein is legally entitled to any credit or set-offs for any amounts previously paid or made in the future to plaintiffs herein, Americas hereby claims those credits or set-offs against said credits or set-offs against any eventual award made to plaintiffs, and to the extent that Americas has made any payments to which plaintiffs are not entitled, Americas reserves its rights to recover those amounts by reconventional demand or counter-claim.

XI.

In the further alternative, plaintiffs' claims against Americas are barred or reduced to the extent that plaintiffs failed to exercise ordinary care and caution to protect the damage to the property.

XII.

In the further alternative, plaintiffs have not been damaged as the result of any alleged action or inactions on the part of Americas.  If plaintiffs suffered any damages as alleged, such damage was caused in whole or in part by the action or inaction of plaintiffs and/or third parties for whom Americas is not responsible and/or forces beyond Americas' control.

XIII.

Americas avers that the damages claimed herein were caused by a non-covered event and or peril that is excluded under the applicable policy of insurance.

## SECTION I - EXCLUSIONS

**A.**     We do not insure for loss caused directly or indirectly by any of the following.  Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

HO 00 03 10 00 (Page 11 of 22)

.    .    .

**2.     Earth Movement.**
Earth Movement means:
a.     Earthquake, including land shock waves or tremors before, during or after a volcanic eruption;
b.     Landslide; mudslide; or mudflow;
c.     Subsidence or sinkhole; or
d.     Any other earth movement including earth sinking, rising or shifting;
caused by or resulting from human or animal forces or any act of nature unless direct loss by fire or explosion ensues and then we will pay only for the ensuing loss.

This Exclusion **A.2.** does not apply to loss by theft.

- 4 -

HO 00 03 10 00 (Page 12 of 22)

**3**.     **Water Damage**
Water Damage means:

**a.**     Flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;

**b.**     Water or water-borne material which backs up through sewers, septics, drains or which overflows or is discharged from a sump, sump pump or related equipment; or

**c.**     Water or water-borne material below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure;
caused by or resulting from human or animal forces or any act of nature.

Direct loss by fire, explosion or theft resulting from water damage is covered.

HO 00 03 10 00 (Page 12 of 22)

**4.**     **Power Failure**
Power Failure means the failure of power or other utility service if the failure takes place off the "residence premises". But if the failure results in a loss, from a Peril Insured Against on the "residence premises", we will pay for the loss caused by that peril.

HO 00 03 10 00 (Page 12 of 22)

## SECTION I – PERILS INSURED AGAINST

.     .     .

**B.**     **Coverage C – Personal Property**

.     .     .

This peril does not include loss to the property contained in a building caused by rain, snow, sleet, sand or dust unless the direct force of wind or hail damages the building causing an opening in a roof or wall and the rain, snow, sleet, sand or dust enters through this opening.

HO 00 03 10 00 (Page 10 of 22)

.   .   .

**B.**     We do not insure for loss to property described in Coverages **A** and **B** caused by any of the following.  However, any ensuing loss to property described in Coverages **A** and **B** not precluded by any other provision in this policy is covered.

    **1.**     Weather conditions.  However, this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in **A.** above to produce the loss;

    **2.**     Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body;

    **3.**     Faulty, inadequate or defective;

        **(a)**     Planning, zoning, development, surveying, siting;

        **(b)**     Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

        **(c)**     Materials used in repair, construction, renovation or remodeling; or

        **(d)**     Maintenance; of part or all of any property whether on or off the "residence premises".

HO 00 03 10 00 (Page 12 of 22)

XIV.

Plaintiffs' claims against Americas are barred or reduced to the extent that plaintiffs failed to exercise ordinary care and caution to protect the damage to the property.

**SECTION 1 - EXCLUSIONS**

.   .   .

    **5.**     **Neglect,** means neglect of an "insured" to use all reasonable means to save and preserve property at and after the time of a loss.

HO 00 03 10 00 (Page 12 of 22)

XV.

In the further alternative, plaintiffs' claims are barred because the policy excludes coverage for those claims that are covered by other insurance.

.     .     .

**F.     Other Insurance And Service Agreement**
        If a loss covered by this policy is also covered by:
        **1.**   Other insurance, we will pay only the proportion of the loss
                that the limit of of liability that applies under the policy bears
                to the total amount of insurance covering the loss; or

        **2.**   A service agreement, this insurance is excess over any
                amounts payable under any such agreement.  Service
                agreement means a service plan, property restoration plan,
                home warranty or other similar service warranty agreement,
                even if it is characterized as insurance.

HO 00 03 10 00 (Page 14 of 22)

XVI.

In the further alternative, Americas alleges and avers that the co-insurance penalty applies.

XVII.

In the further alternative, plaintiffs' claims are barred or reduced to the extent that plaintiffs

have failed to mitigate their alleged damages.

XVIII.

In the further alternative, the cause of plaintiffs' damages and injuries is the negligence

and/or fault of plaintiffs and/or their representatives, thereby barring, or in the alternative,

mitigating on the basis of comparative fault the amount of recovery herein.

XIX.

To the extent that the Petition for Damages claims that plaintiffs are entitled to recovery

under the insurance policy in accordance with LSA-R.S. 22:1318, Louisiana's Valued Policy Law,

Americas denies that the Valued Policy Law applies to this claim.  Americas further avers that

plaintiffs have not suffered a total loss.  Americas further avers that an award to plaintiffs under

Louisiana's Valued Policy Law would impair the obligations of contracts, would result in a taking

without just compensation, would interfere with interstate commerce, would constitute a

- 7 -

deprivation of property without due process, and would deprive Americas of equal protection of the laws, all in contravention of the Constitutions of the United States of America and the State of Louisiana.

XX.

Plaintiffs' claims are barred in whole or in part by their failure to satisfy all of their obligations under the policy.

**B.** **Duties After Loss.**

In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial t o us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:

.   .   .

**4**. Protect the property from further damage. If repairs to the property are required, you must:

**a.** Make reasonable and necessary repairs to protect the property; and

**b.** Keep an accurate record of repair expenses;

**5**. Cooperate with us in the investigation of a claim;

**6**. Prepare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss. Attach all bills, receipts and related documents that justify the figures in the inventory;

**7**. As often as we reasonably require:

**a.** Show the damaged property;

**b.** Provide us with records and documents we request and permit us to make copies; and

**c.** Submit to examination under oath, while not in the presence of another "insured", and sign the same;

HO 00 03 10 00 (Page 13 of 22)

**G.** **Suit Against Us**

No action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy . . .

HO 00 03 10 00 (Page 14 of 22)

XXI.

Americas issued Policy No. 619616, to Hollis Burton, who assigned his rights and responsibilities under the policy to plaintiffs, causing plaintiffs to "step into Burton's shoes" as set forth by this Honorable Court's Order and Reasons (Doc. 19).  The Policy was for the period of November 30, 2013 to November 30, 2014.  The policy imposes affirmative duties upon plaintiffs that include that plaintiffs submit to the appraisal process in the event that the parties disagree on the amount of the loss in pertinent part as follows:

**E.**     **Appraisal**

If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss. Each party will:

**1.** Pay its own appraiser; and

**2.** Bear the other expenses of the appraisal and umpire equally.

HO 00 03 10 00 (Page 14 of 22)

XXI.

Americas avers that it has not been provided with satisfactory proof of loss as is required by the jurisprudential law, statutory authority and the terms, conditions, provisions and exclusions of the subject policy.

XXII.

Americas has adjusted plaintiffs' claim in good faith, in accord with the terms and conditions of the applicable policy and in compliance with any applicable statutory or jurisprudential law.

XXIII.

To the extent that plaintiffs have received money from any state and/or federal agency or program, and that plaintiffs have assigned and/or subrogated their rights to said state or federal agency or program, Americas avers that plaintiffs are not the proper party to prosecute this action and said federal or state agency or program are the proper party plaintiffs to bring this action.

XXIV.

Plaintiffs have no right or cause of action to the extent of the interests of the mortgagee holding the mortgage on the property.

XXV.

The liability of Americas in this matter, if any, is dependent solely upon a Policy of Insurance, which as a written document is the best evidence of its terms, conditions, provisions and exclusions and Americas pleads such terms, conditions, provisions and exclusions as if copied herein *in extenso*.

**SECTION I - PERILS INSURED AGAINST**

**A.      Coverage A – Dwelling And Coverage B – Other Structures**

**1.**      We insure against risk of direct physical loss to property described in Coverages **A** and **B**.

**2.**      We do not insure, however, for loss:

.      .      .

**(6)**      Any of the following:
**(a)**      Wear and tear, marring, deterioration;

    **(b)**    Mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

    **(c)**    Smog, rust or other corrosion, or dry rot

.   .   .

    **(f)**    Settling, shrinking, bulging or expansion, including resultant cracking, of bulkheads, pavements, patios, footings, foundations,   walls, floors, roofs or ceilings;

HO 00 03 10 00 (Page 8 and 9 of 22)

XXVI.

Plaintiffs' claims must be calculated according to the Policy's Loss Settlement Provision.

**SECTION 1 - CONDITIONS**

.   .   .

**C.**    **Loss Settlement**

    **2.**    Buildings covered under Coverage **A** or **B** at replacement cost without deduction for depreciation, subject to the following:

    **a.**    If, at the time of loss, the amount of insurance in this policy on the damaged building is 80% or more of the full replacement cost of the building immediately before the loss, we will pay the cost to repair or replace, after application of any deductible and without deduction for depreciation, but not more than the least of the following amounts:

    **(1)**    The limit of liability under this policy that applies to the building;

    **(2)**    The replacement cost of that part of the building damaged with material of like kind and quality and for like use; or

    **(3)**    The necessary amount actually spent to repair or replace the damaged building. If the building is rebuilt at a new premises, the cost described in **(2)** above is limited to the cost which would have been incurred if the building had been built at the original premises.

    **b.**    If, at the time of loss, the amount of insurance in this policy on the damaged building is less than 80% of the full replacement cost of the building immediately before the loss, we will pay the greater of the following amounts, but not more than the limit of liability under this policy that applies to the building:

    **(1)**    The actual cash value of that part of the building damaged; or

    **(2)**    That proportion of the cost to repair or replace, after application of any deductible and without deduction for depreciation, that

- 11 -

part of the building damaged, which the total amount of insurance in this policy on the damaged building bears to 80% of the replacement cost of the building.

**c.** To determine the amount of insurance required to equal 80% of the full replacement cost of the building immediately before the loss, do not include the value of:

**(1)** Excavations, footings, foundations, piers, or any other structures or devices that support all or part of the building, which are below the undersurface of the lowest basement floor;

**(2)** Those supports described in **(1)** above which are below the surface of the ground inside the foundation walls, if there is no basement; and

**(3)** Underground flues, pipes, wiring and drains.

**d.** We will pay no more than the actual cash value of the damage until actual repair or replacement is complete. Once actual re pair or replacement is complete, we will settle the loss as noted in **2.a.** and **b.** above.
However, if the cost to repair or replace the damage is both:
**(1)** Less than 5% of the amount of insurance in this policy on the building; and
**(2)** Less than $2,500;

we will settle the loss as noted in **2.a.** and **b.** above whether or not actual repair or replacement is complete.

HO 00 03 10 00 (Page 13 and 14 of 22)

XXVII.

Plaintiffs are limited to a maximum of 10% of the limit of liability for Coverage A for

increased costs for the enforcement of any ordinance of law, as follows:

**11. Ordinance Or Law**

**a.** You may use up to 10% of the limit of liability that applies to Coverage A for the increased costs you incur due to the enforcement of any ordinance or law which require or regulates:

**(1)** The construction, demolition, remodeling, renovation or repair of that part of a covered building or other structure damaged by a Peril Insured Against;

**(2)** The demolition and reconstruction of the undamaged part of a covered building or other structure, when that building or other structure must be totally demolished because of damage by a Peril Insured

Against to another part of that covered building or other structure; or

**(3)** The remodeling, removal or replacement of the portion of the undamaged part of a covered building or other structure necessary to complete the remodeling, repair or replacement of that part of the covered building or other structure damaged by a Peril Insured Against.

**b.** You may use all or part of this ordinance or law coverage to pay for the increased costs you incur to remove debris resulting from the construction, demolition, remodeling, renovation, repair or replacement of property as stated in **a.** above.

**c.** We do not cover:

**(1)** The loss in value to any covered building or other structure due to the requirements of any ordinance or law; or

**(2)** The costs to comply with any ordinance or law which requires any "insured" or others to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, pollutants in or on any covered building or other structure.

Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, recondition or reclaimed.

HO 00 03 10 00 (Page 8 of 22)

XXVIII.

In the further alternative, Americas asserts that there is no insurance coverage for the claims of plaintiffs based upon, but not limited to the following:

**D.     Coverage D – Loss Of Use**

The limit of liability for Coverage **D** is the total limit for the coverages in **1.** Additional Living Expense, **2.** Fair Rental Value and **3.** Civil Authority Prohibits Use below.

- 13 -

**1.**     **Additional Living Expense**

If a loss covered under Section **I** makes that part of the "residence premises" where you reside not fit to live in, we cover any necessary increase in living expenses incurred by you so that your household can maintain its normal standard of living.

Payment will be for the shortest time required to repair or replace the damage or, if you permanently relocate, the shortest time required for your household to settle elsewhere.

**2.**     **Fair Rental Value**

If a loss covered under Section **I** makes that part of the "residence premises" rented to others or held for rental by you not fit to live in, we cover the fair rental value of such premises less any expenses that do not continue while it is not fit to live in.

Payment will be for the shortest time required to repair or replace such premises.

**3.**     **Civil Authority Prohibits Use**

If a civil authority prohibits you from use of the "residence premises" as a result of direct damage to neighboring premises by a Peril Insured Against, we cover the loss as provided in **1.** Additional Living Expense and **2.** Fair Rental Value above for no more than two weeks.

**4.**     **Loss Or Expense Not Covered**

We do not cover loss or expense due to cancellation of a lease or agreement.

The periods of time under **1.** Additional Living Expense, **2.** Fair Rental Value and **3.** Civil Authority Prohibits Use above are not limited by expiration of this policy.

HO 00 03 10 00 (Page 5 of 22)

XXIX.

To the extent there is later determined to be an intentional act by any insured that caused or contributed to the loss, then there is no coverage for plaintiffs' claims.

8.      **Intentional Loss** means any loss arising out of any act an "insured" commits or conspires to commit with the intent to cause a loss.

In the event of such loss, no "insured" is entitled to coverage, even "insureds" who did not commit or conspire to commit the act causing the loss.

HO 00 03 10 00 (Page 12 of 22)

.   .   .

## SPECIAL PROVISIONS – LOUISIANA

.   .   .

## SECTION I – EXCLUSIONS

.   .   .

8.      **Intentional Loss** is replaced by the following:

8.      **Intentional Loss** means any loss arising out of any act committed:

a.  With respect to loss caused by fire;
    (1) By or at the direction of the "insured"; and
    (2) With the intent to cause a loss.

In the event of such loss, no "insured" is entitled to coverage, even "insureds" who did not commit or conspire to commit the act causing the loss.

HO 00 01 17 03 08 (Page 2 of 5)

XXX.

Although Americas denies that it in any manner breached its contractual or statutory duties to plaintiffs, should plaintiffs establish a breach of contract and/or violation of statutory duties, plaintiffs have not suffered any real damages as a result of said breach and/or violation of statutory duties.

- 15 -

XXXI.

In the event plaintiffs have made any material misrepresentations in connection with their claim for recovery for damages under the policy, Americas pleads such representations are in violation of the terms and conditions of said policy, thereby voiding coverage and any obligations therein, pursuant to the terms and conditions of said policy, which are plead as if copied herein *in extenso*.

## SECTION I – CONDITIONS

.   .   .

**Q.**   **Concealment Or Fraud**

We provide coverage to no "insureds" under this policy if, whether Before or after a loss, an "insured" has:
**1.**   Intentionally concealed or misrepresented any material fact or circumstance;
**2.**   Engaged in fraudulent conduct; or
**3.**   Made false statements;
relating to this insurance.

HO 00 03 10 00 (Page 15 and 16 of 22)

.   .   .

## SPECIAL PROVISIONS – LOUISIANA

.   .   .

SECTION I - CONDITIONS

.   .   .

**Q.**   **Concealment Or Fraud** is replaced by the following:
**Q.**   **Concealment Or Fraud**

With respect to loss caused by fire, we do not provide coverage to the "insured" who, whether before or after a loss, has:
**1.**   Intentionally concealed or misrepresented any material fact or circumstance;
**2.**   Engaged in fraudulent conduct; or

    **3.**     Made false statements;
relating to this insurance.

HO 00 01 17 04 05 (Page 2 of 5)

XXXII.

Plaintiffs' claims are limited by the Limited Fungi, Mold, Wet Or Dry Rot Or Bacteria

Coverage endorsement contained in Form HO 03 42 01 05 which states:

**LIMITED FUNGI, WET OR DRY ROT, OR BACTERIA
COVERAGE – LOUISIANA
FOR USE WITH FORM HO 00 03**

**SCHEDULE**

These limits of liability apply to the total of all loss or costs payable under this endorsement, regardless of the number of "occurrences", the number of claims made, or the number of locations insured under this endorsement and listed in this Schedule.

| These limits of liability apply to the total of all loss or costs payable under this endorsement, regardless of the number of "occurrences", the number of claims made, or the number of locations insured under this endorsement and listed in | | |
|---|---|---|
| 1. | Section **I** – Property Coverage Limit Of Liability for the Additional Coverage "Fungi", Wet Or Dry Rot, Or "Bacteria" | |
| 2. | Section **II** – Coverage **E** Aggregate Sublimit Of Liability for "Fungi", Wet Or Dry Rot, Or "Bacteria" | |
| Entries may be left blank if shown elsewhere in this policy for this coverage. | | |

.   .   .

**DEFINITIONS**
The following definitions are added:
    **"Bacteria"**
    "Bacteria means any type, kind or form of bacterium.

**"Fungi"**

**a.**    "Fungi" means any type or form of fungus, including mold or mildew, and any mycotoxins, spores, scents or by-products produced or released by fungi.

**b**.    Under Section **II**, this does not include any fungi that are, are on, or are contained in, a good or product intended for consumption.

## SECTION I – PROPERTY COVERAGES
**E.**    **Additional Coverages**

The following Additional Coverage is added:

**13.**    **"Fungi", Wet or Dry Rot, Or "Bacteria"**

    **a.**    The amount shown in the Schedule above is the most we will pay for:

        **(1)**    The total of all loss payable under Section **I** – Property Coverages caused by "fungi", wet or dry rot, or "bacteria";

        **(2)**    The cost to remove "fungi", wet or dry rot, or "bacteria" from property covered under Section **I** – Property Coverages;

        **(3)**    The cost to tear out and replace any part of the building or other covered property as needed to gain access to the "fungi", wet or dry rot, or "bacteria"; and

        **(4)**    The cost of testing of air or property to confirm the absence, presence or level of "fungi", wet or dry rot, or bacteria" whether performed prior to, during or after removal, repair, restoration or replacement.  The cost of testing will be provided only to the extent that there is a reason to believe that there is the presence of "fungi", wet or dry rot, or "bacteria".

    **b.**    The coverage described in **13.a.** only applies when such loss or costs are a result of a Peril Insured Against that occurs during the policy period and only if all means were used to save and preserve the property from further damage at and after the time the Peril Insured Against occurred.

    **c.**    The amount shown in the Schedule for this coverage is the most we will pay for the total of all loss or costs payable under this Additional Coverage regardless of the:

        **(1)**    Number of locations insured under this endorsement; or

        **(2)**    Number of claims made.

This coverage does not increase the limit of liability applying to the damaged covered property.

XXXIII.

Plaintiffs have refused to submit to an examination under oath as requested by Americas. Further, plaintiffs failed to submit documents at the request of Americas.  As such, plaintiffs have violated the Duties After Loss provision and are not entitled to any further recovery in this matter.

XXXIV.

Plaintiffs owed Americas a duty to act in good faith regarding the investigation of their claim under the contract of insurance with Americas.  Plaintiffs, along with their representatives, purposefully and willfully violated this implied covenant of good faith and fair dealing required under their contract of insurance with Americas and their theirs actions and/or inaction interfered with the adjustment, investigation, defense, or settlement of their claim.  Plaintiffs' willful refusal to comply in good faith has caused Americas damages and unnecessary expense.

XXXV.

Plaintiffs' actions including, but not limited to, purposeful delays, denial of access, failure to submit to examinations under oath and their general failure to cooperate establish plaintiffs' willful attempt to improperly manufacture claims against Americas pursuant to LSA R.S. 22:1892 and 22:1973.  Based on plaintiffs' actions to impede the claim investigation, plaintiffs' claims for LSA R.S. 22:1892 and 22:1973 must be dismissed for their willful breach of the implied covenant of good faith and fair dealing required under their contract of insurance with Americas

XXXVI.

Based on the policy terms, conditions, provisions and exclusions, but not limited to those specifically set forth above, Americas submits that the Policy of Insurance issued to plaintiffs does not provide coverage for the claims asserted in this lawsuit.

XXXVII.

Plaintiffs' claims are barred in whole or in part by the other applicable exclusions in the policy.

<b><u>RESERVATION OF AFFIRMATIVE DEFENSES</u></b>

Americas is without knowledge or information sufficient to form a belief as to whether other affirmative defenses apply in this matter.  However, contingent on the facts revealed by investigation and discovery, Americas expressly reserves its right to raise any additional affirmative defenses, which may be applicable.

<b><u>REQUEST FOR JURY TRIAL</u></b>

Pursuant to the Seventh Amendment of the United States Constitution and Federal Rules of Civil Procedure, Americas request a jury for all issues triable at the trial of this matter.

<b><u>PRAYER FOR RELIEF</u></b>

**WHEREFORE**, the premises considered, defendant, Americas Insurance Company, prays that this Answer to the Petition for Damages be deemed good and sufficient and after due proceedings are had, that there be judgment herein in favor of Americas Insurance Company and against plaintiffs, dismissing plaintiffs' Petition for Damages, with prejudice, at plaintiffs' costs and for all other general and equitable relief as it appropriate under the circumstances.

**FURTHER**, Americas Insurance Company prays for a trial by jury on all matters involving this litigation.

Respectfully submitted:

*/s/ Matthew D. Monson*
**MATTHEW D. MONSON (25186), T.A.**
**MARJORIE M. SALAZAR (26230)**
**LAURA H. ABEL (33175)**
**SARAH M. BARRO (31893)**
**BLAKE J. LUSK (35514)**
**THE MONSON LAW FIRM, LLC**
900 W. Causeway Approach, Suite A
Mandeville, Louisiana 70471
Telephone:     (985) 778-0678
Facsimile:     (985) 778-0682
Email: Matthew@Monsonfirm.com
         Marjorie@Monsonfirm.com
         Laura@Monsonfirm.com
         Sarah@Monsonfirm.com
         Blake@Monsonfirm.com
***Counsel for Americas Insurance***
***Company***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via electronic mail, by the United States District Court for the Eastern District of Louisiana, this 31st day of March, 2017.

*/s/ Matthew D. Monson*