UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STACY MORGAN AND A-PLUS CONTRACTORS, LLC | * | CIVIL ACTION NO. 2:16-CV-13900 |
| Plaintiffs | * | |
| | | |
| VERSUS | * | JUDGE:  JANE TRICHE MILAZZO |
| | | |
| AMERICAS INSURANCE COMPANY | * | MAGISTRATE JUDGE: KAREN WELLS ROBY |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
EXAMINATION UNDER OATH AND APPRAISAL
AND STAY LITIGATION PENDING APPRAISAL**

**NOW INTO COURT**, through undersigned counsel, comes defendant, Americas Insurance Company (hereinafter "AIC"), who files this Memorandum in Support of Motion to Compel Examination Under Oath and Appraisal and Stay Litigation Pending Appraisal.  Prior to plaintiffs, Stacy Morgan and A-Plus Contractors, L.L.C. (hereinafter "plaintiffs") filing suit, AIC demanded an examination under oath of plaintiffs pursuant to the AIC Policy in order for AIC to investigate the claims of plaintiffs arising out of a fire loss.  Rather than submit to an examination under oath, plaintiffs repeatedly delayed and impeded AIC'S investigation, and wrongfully circumvented these provisions by filing suit in violation of the Policy.  Moreover, plaintiffs failed to submit documentation to support their claims prior to filing suit, also in violation of the Policy. Indeed, as of the date of the instant filing, plaintiffs are yet to submit to an examination under oath. Therefore, AIC respectfully requests an Order from this Honorable Court compelling plaintiffs, Stacy Morgan and A-Plus Contractors, L.L.C., to submit to an EUO as required by the Policy and La. R.S. 22:1311.

Further, AIC previously demanded and invoked the appraisal provision contained within the AIC Policy. Importantly, this appraisal provision is designed to resolve the disagreement between the parties as to the extent and value of the damages sustained by plaintiffs and allegedly covered under the AIC Policy. However, the appraisal process has not commenced based on plaintiffs' refusal to comply with the appraisal provision contained within the Policy.

As this Honorable Court previously ruled, plaintiffs have stepped into the shoes of the insured as part of the assignment of benefits executed between plaintiffs and AIC's insured, Hollis Burton. Therefore, in order to recover any additional amounts under the policy, as well as seek damages for statutory penalties pursuant to LSA-R.S. 22:1892 and 22:1973, plaintiffs must now comply with the Duties After Loss provision of the AIC Policy. Accordingly, this Honorable Court should grant AIC's Motion to Compel and order the parties to submit to appraisal, order plaintiffs to submit to examinations under oath and stay litigation until both the examinations under oath and appraisal are complete.

## FACTUAL BACKGROUND

### I.     Contract to Repair Property and Assignment of Benefits

A-Plus Contractors, L.L.C. ("A-Plus") was hired as the repair and remediation contractor by Hollis Burton ("Burton").[1] Specifically, A-Plus was hired by Burton to perform all necessary fire mediation and repairs following a fire to the property owned by Burton and insured by AIC.[2] Notably, Burton agreed to a Third Party Work Authorization with A-Plus on November 13, 2014.[3] Following the completion of the repair project, Burton and A-Plus executed the Assignment of Insurance Benefits Form ("AOB").[4]

---

[1] Petition for Damages, ¶ 2, Rec. Doc. 1-3.
[2] *Id.,* ¶ 4.
[3] Third Party Work Authorization, attached hereto as Exhibit "2", to the Declaration of Marcia Chalk, Exhibit "A".
[4] Rec. Doc. 1-3, p. 8 of 9.

Based upon the AOB, plaintiffs assert that Burton assigned all benefits to an AIC Policy to both Stacy Morgan ("Morgan") and A-Plus.[5]  As such, plaintiffs through the AOB seek damages from AIC for failing to pay the costs of the repair project in the amount of $93,389.33.[6]  Importantly, however, plaintiffs admit that Morgan is not an insured under the AIC Policy, and thus rely upon this fact to refuse to submit to an examination under oath and the appraisal process pursuant to the AIC Policy.[7]

## II.     AIC'S Numerous Requests for an Examination Under Oath

As part of its claim adjustment, AIC sought the examination under oath (hereinafter "EUO") of plaintiffs, Stacy Morgan and A-Plus Contractors, L.L.C. on multiple occasions. Importantly, despite providing numerous proposed dates and times, plaintiffs are yet to submit to their EUOs as required by the AIC Policy and La. R.S. 22:1311.

Specifically, on or about March 28, 2016, plaintiffs submitted a claim to AIC for the alleged fire loss under AIC Insurance Company Policy No. 619616.[8]  In order to fully investigate plaintiffs claim, AIC sought the EUO of plaintiffs per correspondence dated April 14, 2016 pursuant to duties imposed upon the plaintiffs in the Policy.[9]  As part of its good faith adjustment of plaintiffs' claim, AIC also sought documents from plaintiffs in order to support their claim for damages following the alleged fire.[10]  The EUO was set for May 3, 2016.[11]

---

[5] Petition for Damages, Rec. Doc. 1-3.
[6] *Id.*
[7] *Id.*
[8] March 28, 2016, correspondence from counsel for plaintiffs to counsel for AIC, attached hereto as Exhibit "3", to the Declaration of Marcia Chalk, Exhibit "A".
[9] April 14, 2016 correspondence from counsel for AIC to counsel for plaintiffs, attached hereto as Exhibit "4", to the Declaration of Marcia Chalk, Exhibit "A".
[10] *Id.*
[11] *Id.*

At counsel for plaintiffs' request, the EUO was continued, and counsel for plaintiffs would subsequently provide additional dates in which to set the EUO.[12]  However, counsel for plaintiffs failed to timely provide any additional dates in which to set the EUO.  As such, on May 24, 2016, AIC issued correspondence to plaintiffs requesting that they provide their availability in June 2016 in which to set the EUO.[13]  Further, this corresponded stipulated that should plaintiffs fail to respond, then the EUO would be unilaterally set for June 14, 2016.[14]

Plaintiffs responded via correspondence dated June 10, 2016, informing AIC that they would be unable to appear at their respective EUOs set for June 14, 2016.[15]  Following receipt of plaintiffs' correspondence, that same day, counsel for AIC issued correspondence to counsel for plaintiffs requesting all available dates in July of 2016 by June 17, 2016.[16]  Again, counsel for plaintiffs failed to provide any dates by in which to conduct the EUOs.  Therefore, on June 30, 2016, AIC again issued correspondence to counsel for plaintiffs requesting available dates to take plaintiff's EUO. On July 8, 2016, AIC issued correspondence to counsel for plaintiffs requesting that all available dates for the conducting of the Plaintiff's EUO be provided to AIC by July 11, 2016.[17]  Pursuant to correspondence dated July 13, 2016, AIC confirmed that on at least four separate occasions Plaintiff has failed to respond or has cancelled the EUOs.[18]  As such, AIC unilaterally noticed the examination for July 25, 2016.  However, as of this date and time, plaintiffs

---

[12] May 24, 2016 from counsel for AIC to counsel for plaintiffs, attached hereto as Exhibit "5", to the Declaration of Marcia Chalk, Exhibit "A".
[13] *Id.*
[14] *Id.*
[15] June 10, 2016 correspondence from counsel for plaintiffs to counsel for AIC, attached hereto as Exhibit "6", to the Declaration of Marcia Chalk, Exhibit "A".
[16] June 10, 2016 correspondence from counsel for AIC to counsel for plaintiffs, attached hereto as Exhibit "7", to the Declaration of Marcia Chalk, Exhibit "A".
[17] July 8, 2016 correspondence from counsel for AIC to counsel for plaintiffs, attached hereto as Exhibit "8", to the Declaration of Marcia Chalk, Exhibit "A".
[18] July 13, 2016 correspondence from counsel for AIC to counsel for plaintiffs, attached hereto as Exhibit "9", to the Declaration of Marcia Chalk, Exhibit "A".

have failed to submit for their respective EUOs, and submit all documents as requested by AIC. These delay tactics have prejudiced AIC in its good faith adjustment of the claim for the alleged fire loss.

Based on the foregoing, AIC is filing the instant Motion to Compel Examination Under Oath and Appraisal and Stay Litigation Pending Appraisal to seek an Order from this Honorable Court compelling plaintiffs to submit to their EUO as required by the AIC Policy and Louisiana Statutory law, specifically La. R.S. 22:1311. As demonstrated above, plaintiffs have repeatedly delayed and impeded AIC investigation into this claim, despite their alleged cooperation in this matter. As such, AIC respectfully requests this Honorable Court grant the instant Motion and compel plaintiffs to submit to their EUOs and provide AIC with the necessary documents and access to their property to support their claim.

### III.    AIC'S Appraisal Demand

On March 28, 2016, counsel for plaintiffs provided correspondence to which included a demand based upon the AOB.[19]  Based upon the documentation provided with plaintiffs' March 28, 2016 correspondence, it became clear to the parties that there was a dispute as to the amount of loss. Therefore, on April 14, 2016, AIC timely demanded and invoked the appraisal provision contained within the AIC Policy.[20]  Rather than comply with the appraisal provision, on June 15, 2016, plaintiffs filed a Petition for Damages.

---

[19] March 28, 2016, correspondence from counsel for plaintiffs to counsel for AIC, attached hereto as Exhibit "3", to the Declaration of Marcia Chalk, Exhibit "A".

[20] April 14, 2016 correspondence from counsel for AIC to counsel for plaintiffs, attached hereto as Exhibit "4", to the Declaration of Marcia Chalk, Exhibit "A".

## III.    The AIC Policy

AIC issued Policy No. 619616 (the "Policy") to Hollis Burton for the property located at 2161 Pleasure Street, New Orleans, Louisiana.[21]  Burton assigned the post-loss benefits of his AIC Policy to A-Plus.  As such, A-Plus and Morgan now assert a claim for insurance proceeds based upon the AIC Policy.  Notably, plaintiffs seek recovery based upon the rights of the insured which were contractually assigned to them.  Therefore, as plaintiffs are acting as the insured in this matter, then the AIC Policy's provisions govern their claim.

The AIC Policy requires the insureds to comply with post-loss duties as part of the AIC Policy's Conditions.  Pertinent to the instant matter, the Duties After Loss provision set forth below requires the insureds to submit to an examination under oath as well as submit documents at the request of AIC.

Moreover, the Policy also contains an appraisal provision designed to address disputes over the amount of loss.  Under the terms of the Policy, if the parties cannot agree on the amount of loss, either party may demand an appraisal.  These Policy provisions are set forth in pertinent part as follows:

### SECTION I - CONDITIONS

.    .    .

**B.    Duties After Loss.**
In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:

.    .    .

4.    Protect the property from further damage. If repairs to the property are required, you must:
    a.    Make reasonable and necessary repairs to protect the property; and

---

[21] Certified AIC Policy No. 619616, attached hereto as Exhibit "1", to the Declaration of Marcia Chalk, Exhibit "A".

  **b.**  Keep an accurate record of repair expenses;

**5.**  Cooperate with us in the investigation of a claim;

**6.**  Prepare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss.  Attach all bills, receipt and related documents that justify the figures in the inventory;

**7.**  As often as we reasonably require:
  **a.**  Show the damaged property;
  **b.**  Provide us with records and documents we request and permit us to make copies; and
  **c.**  Submit to examination under oath, while not in the presence of another "insured", and sign the same;

HO 00 03 10 00 (Page 13 of 22)[22]

## SECTION I – CONDITIONS
**B.**  **Duties After Loss**
  Paragraph **8.** is replaced by the following:
  **8.**  Send to us your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:
    **a.**  The time and cause of loss;
    **b.**  The interests of all "insureds" and all others in the property involved and all liens on the property;
    **c.**  Other insurance which may cover the loss;
    **d.**  Changes in title or occupancy of the property during the term of the policy;
    **e.**  Specifications of damaged buildings and detailed repair estimates;
    **f.**  The inventory of damaged personal property described in **6.** above;
    **g.**  Receipts for additional living expenses incurred and records that support the fair rental value loss; and

.  .  .

This proof of loss must be sent to us within:

.  .  .

    **(2)**  60 days after our request in all other cases.

HO 01 17 03 08 (Page 2 of 5)[23]

---

[22] *Id.*
[23] *Id.*

. . .

**E.      Appraisal**

If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

Each party will;

**1.** Pay its own appraiser; and

**2.** Bear the other expenses of the appraisal and umpire equally.

HO 00 03 10 00 (Page 14 of 22)[24]

The AIC Policy clearly and unambiguously requires an insured to cooperate in the investigation of the claim.  The Duties After Loss provision also lists multiple duties on an insured following a loss, including, but not limited to, submitting to an EUO and providing records and documents requested by AIC.[25]   Indeed, AIC has no duty to provide coverage if the failure to comply with the Duties After Loss provision prejudices AIC in its investigation of the claim. Further, the insured must be in full compliance with all terms of the Policy in order to bring suit against AIC per the Suit Against Us clause.

Moreover, the appraisal provision set forth above must be completed before a dispute as to the amount of loss can be pursued through litigation.  This is apparent both from the appraisal provision quoted above and the Policy provision that mandates that "[n]o action can be brought

---

[24] *Id.*

[25] *Id.*

- 8 -

against us unless there has been full compliance with all of the terms under Section I of this policy
…"[26]

Based on the foregoing, and the undisputed facts and evidence, it is clear that plaintiffs have breached the AIC'S Policy by failing to comply with requisite Policy provisions. In turn, AIC has been prejudiced in its investigation of the claim. Therefore, AIC respectfully seeks an Order from this Honorable Court compelling plaintiffs' to submit to their EUOs. AIC further seeks an Order, which compels plaintiffs to submit to the appraisal process for all coverages contained within the AIC Policy, following the completion of the necessary EUOs. Finally, AIC seeks an Order staying plaintiffs' claims against AIC pending completion of appraisal.

## LAW AND ARGUMENT

**I.     AIC Seeks an Order Compelling Plaintiffs to Submit to an EUO Pursuant to the AIC Policy and La. R.S. 22:1311**

It is undisputed that plaintiffs have yet to submit to an EUO, despite AIC numerous requests for same. Rather, plaintiffs filed suit against AIC, thereby refusing to comply with the Duties After Loss Provision. As such, AIC respectfully seeks and is entitled to an Order from this Honorable Court compelling same.

This Honorable Court, in denying AIC's Motion to Dismiss, this Honorable Court ruled that plaintiffs stepped into the insured's shoes.[27] Specifically, this Honorable Court stipulated that "…Burton had the right to assign his rights relative to the 2015 fire claim. Having allegedly accepted such an assignment, Plaintiffs may step into his shoes and assert any claims that he may have relative to AIC, including breach of contract claims."[28]

---

[26] *Id.*

[27] February 6, 2017 Order and Reasons, Rec. Doc. 19, citing *Del-Remy Cor. V. Lafayette Ins. Co.,* 616 So.2d 231, 233 (La.App. 5 Cir. 1993).

[28] Rec. Doc. 19.

Analogous and logical to the AOB is the direct benefit estoppel utilized to require third parties to submit to arbitration. "[S]o long as there is some written agreement to arbitrate, a third party may be bound to submit to arbitration. Ordinary principles of contract and agency law may be called upon to bind a non-signatory to an agreement whose terms have not clearly done so."[29] Direct benefits estoppel is one theory by which non-signatories may be bound to arbitrate.[30] The theory applies to "'non-signatories who, during the life of the contract, have embraced the contract despite their non-signatory status but then, during litigation, attempt to repudiate the arbitration clause in the contract.'"[31] "A non-signatory can 'embrace' a contract containing an arbitration clause in two ways: (1) by knowingly seeking and obtaining 'direct benefits' from that contract; or (2) by seeking to enforce the terms of that contract or asserting claims that must be determined by reference to that contract."[32]

In the matter at issue, plaintiffs are seeking insurance benefits through an AOB executed with the insured, Burton. It is undisputed that plaintiffs are not signatories to the AIC Policy. However, plaintiffs are seeking insurance proceeds, along with statutory penalties and attorney fees pursuant to LSA-R.S. 22:1892 and 22:1973, that were only rights of action to Burton prior to the execution of the AOB. Logic and reason dictate that because plaintiffs are seeking benefits through an AOB, which allows plaintiffs to stand in the shoes of the insured, plaintiffs must comply with the clear and unambiguous terms of the AIC Policy. Therefore, plaintiffs must Submit to an EUO.

---

[29] *Bridas S.A.P.I.C. v. Gov't of Turkm.,* 345 F.3d 347, 355–56 (5th Cir.2003) (internal citation omitted).
[30] *Hellenic Inv. Fund, Inc. v. Det Norske Veritas,* 464 F.3d 514, 517 (5th Cir.2006).
[31] *Id.* at 517–18 (quoting *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.,* 269 F.3d 187, 200 (3d Cir.2001)).
[32] *Blaustein v. Huete,* 449 F. App'x 347, 350 (5th Cir. 2011).

A.    **Louisiana Law Requires an Insured to Fulfill Policy Requirements Prior to Filing Suit Under the Policy**

AIC respectfully requests an Order from this Honorable Court compelling plaintiffs to submit to an EUO pursuant to pertinent Louisiana law. As the Fifth Circuit recently held, "failure to fulfill policy requirements that are conditions precedent to an insurance contract precludes suit under the policy."[33] In affirming summary judgment for State Farm, the Fifth Circuit held as a matter of law that the insured's failure to submit to an examination under oath defeated coverage under the policy.[34] And without resolving whether an insurer must demonstrate prejudice in order to defeat coverage based on an insured's failure to comply with its post-loss duties, the Fifth Circuit held as a matter of law that the insured's conduct prejudiced State Farm's ability to investigate and adjust the claim.[35]

Federal courts applying Louisiana law have dismissed cases where the insured failed to submit to an EUO as well as refuse to provide documents at the request of the insurer. Importantly, this issue has been recently determined by this Honorable Court in *Johnson v. Geovera Specialty Ins. Co.*[36] Defendant-insurer moved for summary judgment due to plaintiff's failure to fulfill his contractual obligation to cooperate following a fire loss. This Honorable Court granted the summary judgment, finding that plaintiff's delay in submitting to the EUO, failure to provide photographs of the damage of the home as well as depriving the defendant-insure its right to an appraisal under the policy prejudiced the defendant-insurer's investigation of the claim.[37] This

---

[33] *Mosadegh v. State Farm Fire & Cas. Co.*, No. 08-31060, 2009 WL 1362830, at *1 (5th Cir. May 15, 2009).
[34] *Id.*
[35] *Id.*
[36] *Johnson v. Geovera Specialty Ins. Co.*, No. CIV.A. 14-2320, 2015 WL 5083625, at *1 (E.D. La. Aug. 27, 2015), *reconsideration denied*, No. 14-2320, 2016 WL 153891 (E.D. La. Jan. 13, 2016), and *aff'd*, 657 F. App'x 301 (5th Cir. 2016). Notably, counsel for plaintiffs also was counsel for plaintiff in *Johnson*.
[37] *Id.*

Honorable Court found that plaintiff's failure to cooperated warranted dismissal of plaintiff's suit against the defendant-insurer as the "appearing remedy".[38]

Specifically, this Honorable Court noted that the insured incurred substantial damage to her home as a result of Hurricane Isaac and a subsequent fire; however, the Court further noted that "[t]hese events, however, do not excuse Plaintiff from her obligations under the insurance policy.  However sad this result, this Court cannot ignore Plaintiff's failure to comply with her obligations under the policy and the resulting prejudice to the Defendant."[39]  This Court further stated that the insurer "was prejudiced by Plaintiff's breach of the cooperation provisions of the policy based on her failure to timely sit for an examination under oath, her failure to provide photographs in her possession, and her unilateral decision to demolish the interior of her home."[40]  As such, this Honorable Court denied plaintiff's Motion for Reconsideration.[41]

Similarly, in the United States Fifth Circuit Court of Appeal case of *Kerr v. State Farm Fire & Casualty Co.*[42]  In *Kerr,* plaintiff appealed the district court's granting of summary judgment in favor of State Farm on the basis that plaintiff's refusal to submit to an examination under oath and provide requested documents constituted a material breach of the insurance policy, precluding plaintiff from recovering in a suit under the policy.

In *Kerr,* the United States Fifth Circuit further stated:

> As this court has recently explained, under Louisiana law the '[f]ailure of an insured to cooperate with the insurer has been held to be a material breach of the contract and a defense to suit on the policy' and such failure to cooperate may be manifested by a refusal to submit to an examination under oath or a refusal to produce documents'.[43]

---

[38] *Id.*
[39] *Id.*
[40] *Id.*
[41] *Id.*
[42] 12-30332, 2013 WL 586783 (5th Cir. 2/5/13).
[43] *Id., citing Hamilton v. State Farm Fire & Cas. Ins. Co.,* 477 F. App'x 162, 165 (5th Cir. 2012) (internal quotation marks omitted); *see also Lee v. United Fire & Cas. Co.,* 607 So.2d 685.

The United States Fifth Circuit used this reasoning to affirm the trial court's decision and hold that plaintiff's failure to submit to an examination under oath and provide requested documents constituted a material breach of the insurance policy, precluding plaintiff from recovering in a suit under the policy. The United States Fifth Circuit Court of Appeals gave a similar opinion in *Mosadegh v. State Farm Fire and Casualty Company,* where the Court stated **"Louisiana law teaches that failure to fulfill policy requirements that are conditions precedent to an insurance contract precludes suit under the policy**.["44](#)"

The federal courts sitting in the Eastern and Middle Districts have also ruled in favor of insurers when an insured refuses to cooperate with an insurer during an investigation as well as submit to EUOs. In *Assaf v. Allstate Indem. Co.,*[45] plaintiff brought suit for a theft occurring at the insured location. Rather than submit to an examination under oath, plaintiff filed suit against Allstate. Thereafter, Allstate sought the dismissal of plaintiff's claims based on plaintiff's refusal to submit to an examination under oath and failure to submit a sworn proof of loss.[46] The trial court granted Allstate's summary judgment and dismissed plaintiff's claims with prejudice.[47] Specifically, the *Assaf* Court found that plaintiff was obligated to submit to an examination under oath and submit a sworn proof of loss to Allstate.[48]

---

[44] 330 Fed. Appx. 65, 2009 WL 1362830 (5th Cir. 2009) (Emphasis added). *See also Brantley v. State Farm Ins. Co.,* 865 So.2d 265 (La. App. 2 Cir. 2004) (affirming dismissal of insured's suit where insured refused to submit to an examination under oath or to provide requested financial information); *Hamilton v. State Farm Fire & Cas. Ins. Co.,* 477 F. App'x 162 (5th Cir. 2012) (affirming dismissal of insured's claims where insured failed to respond to insured's requests for examinations under oath and provide requested information; failure to do so was in direct violation of the policy's cooperation clause provision); *Assaf v. Allstate Indem. Co.,* 10-1063 (E.D. La. 7/27/11) 2011 WL 3178551 (affirming dismissal of insured's claims for failure to submit to EUO).
[45] 10-1063, 2011 WL 3178551 (E.D. La. 7/27/11).
[46] *Id.*
[47] *Id.,* p. 8.
[48] *Id.,* p. 6.

Also, in *Honore v. AIG Prop. Cas. Ins. Agency, Inc.,*[49] the plaintiff brought suit after a fire loss without submitting to an examination under oath and producing documents following multiple requests by the insurer.  Defendant filed its summary judgment against plaintiff for his failure to cooperate in the investigation of the insurance claim.[50]  The court granted defendant's summary judgment motion, finding that plaintiff materially breached the policy's terms for failing to submit documents and refusing to submit to the examination under oath.[51]  Further, the district court stated that the plaintiff's breach "*necessarily* prejudiced Lexington, because Lexington could not obtain information relevant to its investigation while it was still fresh."[52]

In the instant matter, just as in *Johnson, Kerr, Mosadegh, Assaf* and *Honore*, AIC requested an examination under oath and inspection of the property, as they are both important tools in the claim investigation process. Importantly, by refusing such tools, plaintiffs and their representatives impeded AIC'S ability to gather information about the claim. As discussed extensively above, it is undisputed that plaintiffs have not submitted to an EUO, and they have failed to submit the requested records and documents available for inspection by AIC.  Moreover, the AIC Policy clearly and unambiguously mandates that "[n]o action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy …"[53]  Therefore, AIC respectfully requests this Honorable Court grant the instant Motion as a matter of law, and issue an Order compelling plaintiffs to submit to an EUO.

---

[49] 2014 WL 4986780 (M.D. La. 9/15/14).
[50] *Id.,* p. 3.
[51] *Id.*
[52] *Id., citing Kerr,* 934 F.Supp.2d at 860-61.
[53] *Id.*

**B.     Louisiana Statutory Law Requires Plaintiffs to Submit to an EUO**

AIC further requests an Order from this Honorable Court compelling plaintiffs to submit to an EUO pursuant to La. R.S. 22:1311. Importantly, La. R.S. 22:1311 contains the Standard Fire Policy, which is attached to every policy of fire insurance in Louisiana. Further, every policy that insures immoveable property against the peril of fire is understood to be a "fire insurance policy" and courts have held that a homeowners' policy is inseparable from the Standard Fire Policy.[54] Therefore, because plaintiffs' Policy insures their property against the peril of fire, the Standard Fire Policy applies in the instant matter as an operation of law.

Importantly, the Standard Fire Policy provides in pertinent part as follows:

> The insured, as often as may be reasonably required shall exhibit to any person designated by this Company all that remains of any property herein described, **and submit to examinations under oath by any person named by this Company, and subscribe the same**; and, as often as may be reasonably required, shall produce for examination all books of account, bills, invoices and other vouchers, or certified copies thereof if originals be lost, at such reasonable time and place as may be designated by this Company or its representatives, and shall permit extracts and copies thereof to be made.[55]

Based on the foregoing statutory law, AIC seeks an Order from this Honorable Court compelling plaintiffs to submit to an EUO as set forth in the AIC Policy and La. R.S. 22:1311. Importantly, plaintiffs are obligated to participate in the EUO pursuant to both contractual and statutory law. As a result, AIC respectfully represents that the instant Motion must be granted as a matter of law.

---

[54] See generally, *Grice v. Aetna Cas. & Sur. Co.,* 359 So.2d 1288 (La.1978); *Rodriguez v. Northwestern Nat. Ins. Co.,* 358 So.2d 1237 (La.1978); *Lee v. Travelers Fire Ins. Co.,* 219 La. 587, 53 So.2d 692 (1951); *See also* William Shelby McKenzie and H. Alston Johnson, III, *Insurance Law and Practice* § 10:28, *in* 15 Louisiana Civil Law Treatise 1084 (4th ed. 2012).

[55] La. R.S. 22:1311 (Emphasis Added)

II.     **AIC Seeks an Order Compelling Plaintiffs to Submit to the Appraisal Process Following Completion of Plaintiffs' EUOs**

As set forth in detail above, AIC respectfully requests an Order from this Honorable Court compelling plaintiffs to submit to an EUO as set forth in the AIC Policy and La. R.S. 22:1311. Following completion of plaintiffs' EUOs, AIC respectfully represents that plaintiffs must be compelled to participate in the appraisal process as set forth in the AIC Policy and La. R.S. 22:1311. Importantly, compliance with post-loss obligations is also a condition precedent to appraisal.[56]     Therefore, if the insured has not complied with the EUO, or Proof of Loss requirement, the matter is not yet ripe for an insurance appraisal.[57] As such, AIC also requests an Order from this Honorable Court compelling plaintiffs to fully and completely participate in the appraisal process following completion of an EUO.

A.     **The Appraisal Provision in the AIC Policy is Valid and Enforceable**

It is hornbook law that an insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code.[58] The judiciary's role in interpreting insurance contracts is to ascertain the common intent of the parties to the contract.[59]

An appraisal is an informal process that does not involve the procedural requirements of a court proceeding. When the parties conduct an appraisal, "[n]o formal trial is contemplated. It is not a common law arbitration. No judge is to instruct [the appraisers]. The whole purpose of the

---

[56] *Galindo v. ARI Mut. Ins. Co.,* 203 F.3d 771, 776-777 (11th Cir. 2001); *United States Fidelity & Guar. Co. v. Romay,* 744 So. 2d 467 (Fla. 3d DCA 1999)(holding that insured is required to comply with all post-loss obligations before compelling appraisal irrespective of whether examination under oath not requested until time of appraisal demand).
[57] *Id.*
[58] *Cadwallader v. Allstate Ins. Co.,* 02-1637, p. 3 (La. 6/27/03), 848 So.2d 577, 580; *Carbon v. Allstate Ins. Co.,* 97-3085, p. 4 (La. 10/20/98), 719 So.2d 437, 439; *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.,* 93-0911, p. 5 (La. 1/14/94), 630 So.2d 759, 763.
[59] *See* LSA-C.C. art. 2045; *Cadwallader,* 848 So.2d at 580; *Carbon,* 719 So.2d at 439; *Louisiana Ins.,* 630 So.2d at 763.

appraisal is to escape the delay and cost and technicality of court procedure."[60]  Louisiana Courts have consistently held that appraisal provisions in insurance policies are valid and enforceable.[61] Further, the appraisal provision would not divest this Honorable Court of jurisdiction.[62]  Thus, this Honorable Court should find AIC'S appraisal provision valid and enforceable.

In the instant matter, AIC demanded and invoked the appraisal provision contained within the AIC Policy.[63]  Specifically, AIC demanded appraisal on April 14, 2016.[64]  However, as of this filing, plaintiffs refuse to participate in the appraisal process.  As plaintiffs have evidenced their intent to step into the shoes of the insured, and AIC has timely demanded and invoke the appraisal provision of the AIC Policy, both parties should be bound to the appraisal process, and this Honorable Court should order the parties to submit to appraisal following completion of plaintiffs' EUOs.

### B.    The Appraisal Provision Set Forth in La. R.S. 22:1311 Applies

As set forth in detail above, La. R.S. 22:1311 contains the Standard Fire Policy, which is attached to every policy of fire insurance in Louisiana.  As plaintiffs' Policy insures their property against the peril of fire, the Standard Fire Policy applies in the instant matter as an operation of law.

---

[60]*Penn Lumbermens Mut. Fire Ins. Co. of Philadelphia, PA v. Barfield*, 138 F.2d 365, 366 (5th Cir. 1943) (citations omitted); *Hartford Lloyd's Ins. Co. v. Teachworth*, 898 F.2d 1058, 1061-62 (5th Cir. 1990); *St. Charles Parish Hosp. Service Dist. No. 1 v. United Fire and Casualty Co.*, 681 F.Supp. 2d 748, 756 (E.D. La. Jan 13, 2010).

[61] *See, e.g., Pa. Lumbermens Fire Ins. Co. v. Barfield*, 138 F.2d 365, 366-67 (5th Cir. 1943) (upholding appraisal provision in a fire insurance contract); *Fourchon Docks, Inc. v. Nat'l Union Fire Ins. Co.*, No. 86-2267, 1988 U.S. Dist. LEXIS 3034, at *21 (E.D. La. Apr. 6, 1988) (Wicker, J.) ("[S]tipulations in insurance policies providing for an appraisal in case there is a disagreement as to the amount of the loss are clearly valid in Louisiana."); *Hilltop Bowl, Inc. v. U.S. Fid. & Guar. Co.*, 259 F.Supp. 649, 650-51 (W.D. La. 1966) (finding appraisal provision valid where the policy did not contain a mandatory arbitration clause that could affect the jurisdiction of the court); *Newman v. Lexington Ins. Co.*, 2007 WL 1063578, at *3 (E.D. La. Apr. 4, 2007).

[62] *See Fourchon Docks*, 1988 U.S. Dist. LEXIS 3034, at *21 (citing *Branch v. Springfield Fire & Marine Ins. Co.*, 4 So.2d 806, 809 (La. 1941); *Sevier v. U.S.F. & G.*, 485 So.2d 132, 135 (La. App. 2d Cir. 1986); *Girard v. Atl. Mut. Ins. Co.*, 198 So.2d 444, 447 (La. App. 4th Cir. 1967)); *Newman*, 2007 WL 1063578, at *3.

[63] April 14, 2016 correspondence from counsel for AIC to counsel for plaintiffs, attached hereto as Exhibit "4", to the Declaration of Marcia Chalk, Exhibit "A".

[64] *Id.*

The Standard Fire Policy provides as follows regarding appraisal.

> **Appraisal** - In case the insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then on request of the insured or this Company such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item, and failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally.[65]

Based on the foregoing statutory law, AIC seeks an Order from this Honorable Court compelling plaintiffs to submit to the appraisal process, as set forth in the AIC Policy and La. R.S. 22:1311, following completion of plaintiffs' EUOs. Importantly, plaintiffs are compelled to participate in the appraisal process pursuant to both contractual and statutory law. As a result, AIC respectfully represents that the instant Motion must be granted as a matter of law.

### C.    This Honorable Court Should Compel Appraisal and Stay These Proceedings

AIC also moves for an Order staying the action filed by plaintiffs against AIC and compelling plaintiffs to participate in the contractually-mandated appraisal process, which is also a course adopted by federal courts when requested by a party.[66] Although a stay would leave the case open, it would nonetheless serve the interests of judicial economy by permitting the

---

[65] La. R.S. 22:1311

[66] *See, e.g., Bullard Bldg. Condo. Ass'n v. Travelers Prop. Cas. Co. of Amer.*, No. 806CV-1194-27MSS., 2006 WL 2787850, *2 (M.D. Fla. Sept. 26, 2006) (compelling appraisal of hurricane damage and staying case); *Childs v. State Farm Fire Cas. Co.*, No. 95-0134, 1997 U.S. Dist. Lexis 22089, *2 (S.D. Fla. Aug. 14, 1997) (granting motion to compel appraisal and staying proceedings); *Newman*, 2007 WL 1063578, at *4 (granting motion to compel appraisal and staying proceedings).

contractually-mandated appraisal process to be completed prior to any proceedings in this Honorable Court.

Indeed, in this case, AIC proposed stay is limited: it will remain in force during appraisal, and will be lifted promptly after the appraisal is completed.  This brief interruption will not prejudice plaintiffs, and the reason for the proposed stay is compelling: to the extent that the parties' dispute may be resolved by appraisal, there will be no need for litigation.  As such, AIC respectfully requests an Order staying the action filed by plaintiffs against AIC pending completion of the appraisal process.

### D.    This Issue Has Previously Been Decided Upon

This issue was previously considered in the case entitled *Debra A. Jarrell v. Southern Fidelity Insurance Company*, Civil Action No. 2011-1222.  In the Order and Reasons, this Honorable Court granted Southern Fidelity Insurance Company's Motion to Compel Appraisal, Appoint Umpire and Stay Litigation regarding appraisal.[67]  In this Order, this Honorable Court granted the Motion "so that the parties may participate in the appraisal process as required by the policy."[68]  Further, this Honorable Court ordered that "plaintiff shall identify her chosen appraiser within **twenty (20) days** from entry of this Order if she has not already done so."[69]  Further, this Honorable Court instructed the clerk to "mark this action **CLOSED** for administrative purposes during the appraisal process."[70]  AIC respectfully suggests that the same result is called for in the instant matter.

---

[67] Order and Reasons, Case 2:11-cv-01222-JCZ-JCW, Rec. Doc. 17, August 25, 2011, attached hereto as Exhibit "B".
[68] *Id.* at p. 4.
[69] *Id.* (emphasis in original)
[70] *Id.* (emphasis in original)

This issue was also recently considered in the case entitled *Phuong Thi Nguyen, et al. v. Southern Fidelity Insurance Company,* Civil Action No. 2014-0297.[71] In the Order and Reasons, the court granted in part Southern Fidelity Insurance Company's Motion to Compel Appraisal, Appoint Umpire and Stay Litigation Pending Appraisal.[72]   Specifically, the court granted the Motion to "stay proceedings until completion of the appraisal process."[73]   This Order further instructed the clerk to "mark this action **CLOSED** for administrative purposes during the appraisal process."[74]

Notably, the Honorable Judge Zainey granted this exact motion in the case entitled *Americas Insurance Co. v. Billie J. Haynes, et al.,* Civil Action No. 2015-6232.[75] In the Order and Reasons, the court granted AIC's Motion to Compel Examination Under Oath and Appraisal and Stay Litigation Pending Appraisal.[76] Specifically, the court granted the Motion in "… accordance with the policy's requirements for an examination under oath and appraisal…Contrary to Defendants' suggestion, the Court will stay this ligation pending completion of the appraisal process. This administrative stay will not prejudice Defendants' claims for penalties, damages, and attorney's fees, which will be triable to a jury"[77]   This Order further instructed the clerk to "mark this action **CLOSED** for administrative purposes during the appraisal process."[78]

## III.   Conclusion

Prior to plaintiffs filing suit, AIC demanded an examination under oath of plaintiffs pursuant to the AIC Policy in order for AIC to investigate the claims of plaintiffs arising out of a

---

[71] Order and Reasons, case 2:14-cv-00297-JCZ-JCW, Rec. Doc. 11, March 27, 2014, attached hereto as Exhibit "C".
[72] *Id.* at p. 3; This Honorable Court denied the Motion in part as moot.
[73] *Id.*
[74] *Id.* (emphasis in original)
[75] Order and Reasons, case 2:15-cv-06232-JCZ-MBN, Rec. Doc. 42, March 9, 2016, attached hereto as Exhibit "D".
[76] *Id.* at p. 3.
[77] *Id.*
[78] *Id.* at p. 4. (emphasis in original)

fire loss.  Rather than submit to an examination under oath, plaintiffs repeatedly delayed and impeded AIC'S investigation, and wrongfully circumvented these provisions by filing suit in violation of the Policy.  Indeed, as of the date of the instant filing, plaintiffs are yet to submit to an examination under oath.  However, despite plaintiffs' repeated attempts to thwart AIC's investigation, AIC has currently paid a total of $79,018.81 to Burton for which plaintiffs' assert they are entitled to through the AOB.[79]

Further, AIC previously demanded and invoked the appraisal provision contained within the AIC Policy.  Importantly, this appraisal provision is designed to resolve the disagreement between the parties as to the extent and value of the damages sustained by plaintiffs and allegedly covered under the AIC Policy.  However, plaintiffs' refuse to fully and completely comply with the appraisal provision contained within the Policy and La. R.S. 22:1311.

Based on the foregoing, AIC respectfully requests an Order from this Honorable Court compelling plaintiffs to submit to an EUO as required by the AIC Policy and La. R.S. 22:1311. AIC further requests an Order from this Honorable Court compelling plaintiffs to fully and completely participate in the appraisal process following completion of their requisite EUOs. Finally, AIC further seeks an Order from this Honorable Court staying plaintiffs' suit against AIC pending completion of the appraisal process.  In addition, the interests of judicial economy will better be served by such an Order.

---

[79] May 1, 2015 correspondence from AIC to Burton, attached hereto as Exhibit "10", to the Declaration of Marcia Chalk.

- 21 -

Respectfully submitted:

/s/ Blake J. Lusk
**MATTHEW D. MONSON (25186), T.A.**
**LAURA H. ABEL (33175)**
**BLAKE J. LUSK (35514)**
**THE MONSON LAW FIRM, LLC**
900 W. Causeway Approach, Suite A
Mandeville, Louisiana 70471
Telephone:     (985) 778-0678
Facsimile:     (985) 778-0682
Email: Matthew@Monsonfirm.com
          Laura@Monsonfirm.com
          Blake@Monsonfirm.com
***Counsel for Defendant,***
***Americas Insurance Company***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via electronic mail, by the United States District Court for the Eastern District of Louisiana, this 19th day of April, 2017.

/s/ Blake J. Lusk