UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STACY MORGAN AND<br>A-PLUS CONTRACTORS, LLC | * | CIVIL ACTION NO. 2:16-CV-13900 |
| Plaintiffs | * | |
| VERSUS | * | JUDGE: JANE TRICHE MILAZZO |
| AMERICAS INSURANCE<br>COMPANY | * | MAGISTRATE JUDGE:<br>KAREN WELLS ROBY |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
EXAMINATION UNDER OATH AND APPRAISAL
AND STAY LITIGATION PENDING APPRAISAL**

**NOW INTO COURT**, through undersigned counsel, comes defendant, Americas Insurance Company (hereinafter "AIC"), who files this Reply Memorandum in Support of its Motion to Compel Examination Under Oath and Appraisal and Stay Litigation Pending Appraisal.

Importantly, this appraisal provision is a **two-way process** that may be initiated by either the insurance company or the insured.  As such, it is both a **right** and a **benefit** under the Policy designed to resolve the disagreement between the parties as to the extent and value of the damages sustained by plaintiffs.  This right was transferred to plaintiffs by the assignment of benefits executed between plaintiffs and AIC's insured, Hollis Burton.  However, the appraisal process has not commenced based on plaintiffs' refusal to comply with the appraisal provision contained within the Policy.

AIC also respectfully requests an Order from this Honorable Court compelling plaintiffs, Stacy Morgan and A-Plus Contractors, L.L.C., to submit to an EUO as required by the Policy and La. R.S. 22:1311 **prior** to the appraisal process.  Because this Honorable Court previously ruled

that plaintiffs "stepped into the shoes of the insured" as part of the assignment of benefits, plaintiffs must now comply with the Duties After Loss provision of the AIC Policy.

Accordingly, this Honorable Court should grant AIC's Motion to Compel and order the parties to submit to appraisal, order plaintiffs to submit to examinations under oath prior to appraisal and stay litigation until both the examinations under oath and appraisal are complete.

## LAW AND ARGUMENT

### I.   Appraisal is Appropriate as it is Both a **Right** and a **Benefit** Available to Plaintiffs Under the AIC Policy

Appraisal is appropriate in this case as it is both a **right** and a **benefit** available to plaintiffs/assignees under the AIC policy. The appraisal process is intended to determine the amount of the loss. The appraisal process is necessarily linked to assessment of the amount of the loss. The appraisal process contemplated by the Americas policy at issue and Louisiana statutory law is a **two-way** process that may be initiated by either the insurance company or the insured. Under the express terms of the subject insurance policy, the insured has the **right** to demand appraisal and avail itself of the **benefits** of the process. Moreover, while appraisal imposes duties of participation on both the insurer and the insured, including payment of expenses attendant to the process, it also offers **benefits** to both. Appraisal can be a **beneficial** method of alternative dispute resolution as a process to avoid litigation. Accordingly, appraisal has the characteristics of both a **right** and a **benefit** under the subject insurance policy. As a **benefit** under the policy, the **right** to demand, participate and reap the advantages of appraisal is properly subject of an assignment of benefits and may be transferred to an assignee like plaintiffs in this case.

Further, public policy dictates the granting of the instant motion. In addition to the clear **benefits** of allowing an assignee to participate in a form of alternative dispute resolution, there is no logical reason to force the insured to sit for an appraisal if the insured assigned his rights to a

third party.  Appraisal is a **benefit** or **right** that is uniquely and directly tied to the amount payable in a claim.  It is the assignee of the assignment, in this case the plaintiffs who seek payment – not the insured.  The insured, by assigning his **rights** and **benefits** under the policy, stands to gain nothing by participation in the appraisal process.  Rather, it is the assignee of the insured's benefits that has an immediate and substantial interest in determination of the amount of loss.

Further, the Policy requires the insured to pay for his appraiser and split the cost of the umpire.  The insured may also be responsible for any attorney's fees that arise if the appraisers cannot agree on an umpire and a petition must be filed with the Court to select an umpire.  Thus, there is no incentive for the insured to participate in appraisal.  The incentive for the **rights** and **benefits** of appraisal rests with plaintiffs in this case.

While this matter seems to present an issue of first impression in Louisiana, this same circumstance was decided by the Circuit Court of the Ninth Judicial Circuit In And For Orange County Florida in the case of "*Damage Control, Inc. v. State Farm Florida Insurance Company*", Case No: 2014-CV-123-A-O on November 12, 2015.  A copy of the court's decision is attached hereto as Exhibit "A".  In finding that appraisal is both a **right** and a **benefit** under the policy, the court held:

> The appraisal clause is valid and enforceable.  If the insurance company invokes the appraisal clause, an assignee is entitled to participate in the appraisal.  Failure to participate in appraisal when the insurance company properly invokes the clause may result in a summary judgment for the insurance company for failure to perform a condition precedent to filing suit.

*Id*. at Page 8 of 9

Accordingly, the court in *Damage Control* directed both the insurer and assignee to engage in the appraisal process pursuant to the terms of the insurance policy.  Just as in *Damage Control*, pursuant to the clear and unambiguous language of the AIC Policy and La. R.S. 22:1311, AIC

respectfully requests this Honorable Court to direct all parties to fully and completely participate in the appraisal process and issue a stay of litigation until the appraisal process has been completed.

## II.     Appraisal is Necessary as there is a Clear Dispute as to the Amount of Loss

Appraisal in this matter is necessary as there is a clear dispute as to the amount of the loss. While plaintiffs argue that the number in their contract is beyond challenge and represents the actual cost of repair, AIC disputes the figure, which even plaintiffs admit is $43,511.32 more than AIC determined to be the amount of the loss.  Such a large disparity can be simply resolved through the appraisal process after the examination under oath of plaintiffs has taken place.

AIC further takes issue with plaintiffs' arguments that their figure is not subject to question or dispute.  AIC is particularly concerned that its insured, Hollis Burton, was subjected to potentially unnecessary repairs and/or an inflated bill.  This concern is also shared by consumer protection groups, such as the Consumer Protection Coalition, which reports a 90,000% increase in Florida Assignment of Benefits lawsuits since 2000![1]

## III.    AIC Seeks an Order Compelling Plaintiffs to Submit to Examinations Under Oath Prior to the Appraisal Process

AIC respectfully requests an Order from this Honorable Court compelling plaintiffs to submit to an examination under oath ("EUO") as set forth in the AIC Policy and La. R.S. 22:1311, prior to participating in appraisal.  It is during these EUOs where AIC will be able to determine the substantial particulars and operative facts plaintiffs allege support their claim.  This will provide the facts necessary to determine the basis for plaintiffs' claims that their repair costs amount to $90,442.54.  This issue has been previously determined in Florida, whose courts held that the insured is required to comply with all post-loss obligations **before** compelling appraisal

---

[1] www.fightfraudtoday/index.html

irrespective of whether examination under oath was not requested until time of appraisal demand.[2] Therefore, if the insured has not complied with the EUO, or Proof of Loss requirement, the matter is not yet ripe for an insurance appraisal.[3] As such, AIC also requests an Order from this Honorable Court compelling plaintiffs to fully and completely participate in their EUOs prior to entering the appraisal process.

While plaintiffs seem to agree that an EUO can take place ("An EUO can be performed now"), AIC takes issue with the statement that the "EUO was never scheduled." In fact, the EUO of plaintiff, Stacy Morgan, was scheduled to take place on May 3, 2016 via correspondence to opposing counsel dated April 14, 2016. A copy of this correspondence is attached hereto as Exhibit "B". Instead of participating in the contractually and statutorily required process, plaintiffs simply filed suit and to this date have not participated in the EUO.

### IV. Conclusion

Appraisal is a two-way process that is both a **right** and **benefit** that was transferred to plaintiffs/assignees by the insured, Hollis Burton, in this case. Importantly, this appraisal provision is designed to resolve the disagreement between the parties as to the extent and value of the damages sustained by plaintiffs and allegedly covered under the AIC Policy.

Based on the foregoing, AIC respectfully requests an Order from this Honorable Court compelling plaintiffs to submit to an EUO as required by the AIC Policy and La. R.S. 22:1311. AIC further requests an Order from this Honorable Court compelling plaintiffs to fully and completely participate in their EUO prior to the appraisal process. Finally, AIC seeks an Order

---

[2] *Galindo v. ARI Mut. Ins. Co.,* 203 F.3d 771, 776-777 (11th Cir. 2001); *United States Fidelity & Guar. Co. v. Romay*, 744 So. 2d 467 (Fla. 3d DCA 1999).
[3] *Id.*

from this Honorable Court staying plaintiffs' suit against AIC pending completion of the EUO and appraisal process.

                              Respectfully submitted:

                              */s/ Matthew D. Monson*
                              **MATTHEW D. MONSON (25186), T.A.**
                              **LAURA H. ABEL (33175)**
                              **BLAKE J. LUSK (35514)**
                              **THE MONSON LAW FIRM, LLC**
                              900 W. Causeway Approach, Suite A
                              Mandeville, Louisiana 70471
                              Telephone:    (985) 778-0678
                              Facsimile:    (985) 778-0682
                              Email: Matthew@Monsonfirm.com
                                           Laura@Monsonfirm.com
                                           Blake@Monsonfirm.com
                              ***Counsel for Defendant,***
                              ***Americas Insurance Company***

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via electronic mail, by the United States District Court for the Eastern District of Louisiana, this 16th day of May, 2017.

                              */s/ Matthew D. Monson*