IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

DAMAGE CONTROL, INC.,

       Appellant,

vs.

STATE FARM FLORIDA INSURANCE
COMPANY,

       Appellee.
_____/

CASE NO.: 2014-CV-123-A-O
Lower Case No.: 2013-SC-5880-O

Appeal from the County Court,
in and for Orange County, Florida,
Honorable Faye L. Allen, County Court Judge.

Jeremy L. Hogan, Esq.,
for Appellant.

Scot E. Samis, Esq.
for Appellee.

Before MYERS, HIGBEE, and LUBET, J.J.

**PER CURIAM.**

### FINAL ORDER REVERSING TRIAL COURT

      Before the Court is a timely appeal of a County Court's Final Summary Judgment in Favor of Defendant.  This Court has jurisdiction under Article V Section 5(b) of the Florida Constitution and Florida Rules of Appellate Procedure Rule 9.030(c)(1)(A).  In addition to entering the Final Summary Judgment in Favor of Defendant, the trial court certified a question of public importance pursuant to Florida Rules of Appellate Procedure Rule 9.160 and Rule


EXHIBIT
A

9.030(b)(4).  The Fifth District Court of Appeal declined to hear the certified question and returned the issue to this Court's jurisdiction.

**FACTS**

The facts of the case are undisputed.  Robert and Jacqueline Mignon (Insureds) suffered water damage in their home.  At the time the water damage occurred, the Insureds had a homeowner's insurance policy through State Farm Florida Insurance Company (Appellee).  The Insureds hired Damage Control, Inc. (Appellant) to perform water remediation services in their home.  Appellant obtained an Assignment of Benefits (AOB) from the Insureds.[1]  Appellant provided Appellee with an invoice for the repairs in the amount of $2,458.00.  Appellee admitted coverage but only issued a check in the amount of $1,098.03.  Appellee informed the Insureds if they wished to dispute the amount awarded, then Appellee invoked the appraisal clause per the terms of the insurance policy.  Appellant asked to participate in the appraisal as the assignee of the Insureds, but Appellee refused to participate in an appraisal with Appellant.  Appellant filed suit against Appellee to recover the difference between the invoice and the amount paid by Appellee.  Appellee moved to stay the action pending an appraisal with the Insureds.  The trial court granted the stay.  The Insureds, however, never participated in the appraisal.  Thereafter, Appellee moved for summary judgment for failure to complete a condition precedent, as the Insureds failed to complete the appraisal.  The trial court granted summary judgment and this appeal followed.

**ISSUE ON APPEAL**

The parties do not agree on the issue on appeal.  Appellant argues the issue is whether Appellant has the right to bring a suit for recovery regardless of the Insureds' lack of

---

[1] Appellee argues that this assignment is invalid as only one of the Insureds signed the AOB.  However, Appellee did not make this argument before the trial court and the issue is not preserved for appeal.

participation in an appraisal. Appellee argues the issue is "whether the trial court erred in granting summary judgment to [Appellee] on a breach of contract claim where the named Insureds had not met their duty to participate in an appraisal." The trial court certified the following question: "whether an assignee's post-lost assignment of the right to receive property damage benefits under a homeowner's insurance policy relieves the named insured of the named insured's duty to participate in appraisal under the policy of insurance, so that the assignee's rights are subject to the named insured's failure to comply with appraisal." Final Summary Judgment in Favor of Defendant, pg. 5. This Court reframes the issue as follows: whether an assignee of a post-lost assignment may step into the shoes of the named insured assignor to complete an appraisal where a homeowner's insurance policy requires the completion of an appraisal prior to the filing of a lawsuit.

## STANDARD OF REVIEW

Review of an order on summary judgment is an issue of law and the standard of review is *de novo*. Fayad v. Clarendon Nat. Ins. Co., 899 So. 2d 1082, 1085 (Fla. 2005).

## DISCUSSION

Appellant and Appellee agree that the Insureds may assign their post-lost benefits. Appellee argues, however, that the Insureds cannot assign their duties under the contract. Florida law states that an "assignment of a right to payment under a contract does not eliminate the duty of compliance with contract conditions." Shaw v. State Farm Fire and Cas. Co., 37 So. 3d 329, 332 (Fla. 5th DCA 2010), disapproved on other grounds by Nunez v. Geico Gen. Ins. Co., 117 So. 3d 388 (Fla. 2013). In Citizens Property Ins. Corp. v. Ifergane, the insurance policy contained a requirement that the insured sit for an examination under oath (EUO). Citizens Property Ins. Corp. v. Ifergane, 114 So. 3d 190, 193 (Fla. 3d DCA 2012). The insured assigned

her benefits to a third party. Id. After the assignment, the insured refused to sit for an EUO. Id. The Third District Court of Appeal found that "although [the insured] assigned her right to benefits under the policy, she did not assign to [the third party] her obligations under the policy." Id. at 197. Furthermore, the Court stated, "Citizens was entitled to an EUO from...its named insured, regardless of the Assignment. [The named insured's] refusal to submit for a requested EUO precludes recovery under the policy, because the EUO stands as a condition precedent." Id.

The purpose of an EUO is "to enable the [insurance] company to possess itself of all knowledge, and all information as to other sources and means of knowledge, in regard to the facts, material to their rights, to enable them to decide upon their obligations, and to protect them against false claims." Claflin v. Commonwealth Ins. Co., 110 U.S. 81, 94-95 (1884). An EUO may be utilized by the insurance company to investigate matters related to both insurance coverage and the amount of loss sustained by the insured.

Appellee argues that, like an EUO, appraisal is a duty of the insurance contract and the obligation to participate in appraisal cannot be assigned and remains with the insured. The critical question for purposes of this appeal is whether appraisal is a duty/obligation of the insurance contract, or whether it is a benefit of the insurance contract subject to assignment by the insured. This Court can find no binding authority that construes appraisal as either a duty or a benefit of an insurance policy.

Contrasted with the purpose of an EUO, the appraisal process is intended to determine solely the amount of the loss. Citizens Prop. Ins. Corp. v. Mango Hill #6 Condo. Ass'n, Ins., 117 So. 3d 1226, 1230 (Fla. 3d DCA 2013). Indeed, the relevant provision in the policy subject to this case provides:

> **Appraisal.** If you and we fail to agree on <u>the amount of loss</u>, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, disinterested appraiser. Each shall notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire... Written agreement signed by any two of the three shall set <u>the amount of the loss</u>. (underline added)

Consequently, unlike an EUO, the appraisal process is necessarily and solely linked to assessment of the amount of loss (the benefits payable under the insurance policy), and does not address coverage issues.

There are several more significant distinctions between an appraisal and other typical duties of an insurance policy like an EUO. An EUO is a one-way investigatory process. The insurance carrier demands an examination, and the insured is compelled to appear and answer under oath whatever questions the insurer deems appropriate. As one would expect, the Courts have consistently found the EUO to be the insured's <u>duty</u> under the policy. <u>Marlin Diagnostics v. State Farm Mut. Auto. Ins. Co.</u>, 897 So. 2d 496, 470 (Fla. 3d DCA 2004); see also, <u>Shaw</u> at 332 and <u>Ifergane</u> at 197. Notably, however, there is no reciprocal right of an insured to demand an EUO from the insurance company, and no reciprocal right/benefit of an insured to investigate the insurer's claim handling. It is a one-way duty under the insurance policy.

The appraisal process contemplated by the insurance policy in this case is a <u>two-way process</u> that may be initiated by either the insurance company or the insured. Under the express terms of the subject insurance policy, the Insured has the right to demand appraisal and avail itself of the benefits of the process. Moreover, while appraisal imposes duties of participation on both Insurer and Insured, including payment of the expenses attendant to the process, it also offers benefits to both. Appraisal can be a beneficial method of alternative dispute resolution, similar to arbitration or mediation, although it is not bound to the same procedural methods of

formal arbitration. <u>Allstate Ins. Co. v. Suarez</u>, 833 So. 2d 762, 765-66 (Fla. 2002). Procedures of alternative dispute resolution are beneficial to contractual parties as a method to avoid litigation. The Fourth District Court of Appeal called the appraisal process a laudable goal to resolve disputes without litigation. <u>Federated Nat. Ins. Co. v. Esposito</u>, 937 So. 2d 199, 201 (Fla. 4th DCA 2006). Florida Courts find that alternative dispute resolutions clauses are so beneficial to parties that "the scope of arbitration clauses should generally be resolved in favor of arbitration." <u>Tubbs v. Hudec</u>, 8 So. 3d 1194, 1196 (Fla. 2d DCA 2009); see also, <u>BallenIsles Country Club, Inc. v. Dexter Realty</u>, 24 So. 3d 649, 652 (Fla. 4th DCA 2009). Accordingly, this Court concludes that appraisal has the characteristics of, and is in the nature of, both a duty and a benefit under the insurance policy. As a benefit under the policy, the right to demand, participate and reap the advantages of appraisal is properly subject of an assignment of benefits and may be transferred to an assignee like Appellant in this case.

Even if this Court were to find that an appraisal clause is strictly a contractual duty, and not a benefit, there is nothing that prohibits an assignee from assuming the duty of an assignor. Pursuant to Florida law, "the assignment of a contract right does not entail the transfer of any duty to the assignee, unless the assignee assents to assume the duty." <u>Shaw</u> at 332. Appellant assented to participate in appraisal. But, Appellee refused to permit Appellant to assume the quasi-duty and participate in appraisal. The decision in <u>Ifergane</u> is distinguishable because the purpose of an EUO is to gather facts. The Insured is always best equipped to answer questions posed in an EUO. But, unlike an EUO, the individual or business that provided service to the Insured is best equipped to provide information about the services actually performed and to know whether the invoice accurately reflects the services performed on the premises and the

value thereof. And, notwithstanding an election to proceed with appraisal, the insurer retains the right to compel the insured to undergo an EUO, preserving its right to investigatory information.

Finally, public policy dictates the holding in this case. In addition to the clear benefits of allowing an assignee to participate in a form of alternative dispute resolution, there is no logical reason to force the Insureds to sit for an appraisal if the Insureds assigned their right to benefits to a third party. Appraisal is a benefit or right that is uniquely and directly tied to the amount payable in a claim. It is the assignee of the AOB, in this case the Appellant, who seeks payment, not the Insured. The Insured, by assigning his/her benefits under the policy, stands to gain nothing by participation in the appraisal process. Rather, it is the assignee of the Insured's benefits that has an immediate and substantial interest in determination of the amount of loss. This conclusion is demonstrated by the Insured's failure to even participate in the court-ordered appraisal at issue in this case, and the Appellant's clearly expressed willingness and desire to submit to appraisal.

Further, the homeowner's insurance policy requires the Insureds to pay for their appraiser and split the cost of the umpire. The Insureds may also be responsible for any attorney's fees that arise if the appraisers cannot agree on an umpire and a petition must be filed with the Court to select an umpire. This process may cost more than the balance of the unpaid invoice. The Insureds have little financial incentive to participate in an appraisal. Appellee argues the Insureds do have financial incentive to participate in the appraisal process because Appellant's assignment states that Appellant can seek the remainder of any unpaid invoice from the Insureds. However, where the discrepancy between what was paid and what may still be owed is minimal, it is less expensive for the Insured to pay the remainder of the invoice than engage in the appraisal process. This is certainly true in this case where the discrepancy is less than $1,500.00.

Lastly, Appellee argues that public policy requires the Insureds to participate in the appraisal to prevent piecemeal appraisals. The minimal hardship to Appellee in the potential piecemeal appraisal by different assignees is outweighed by the benefits to the Insureds. Furthermore, Appellee's appraiser can always take into account work completed by another provider when estimating the cost of the work performed so that Appellee is not forced to double pay for the work performed.

The appraisal clause in the homeowner's insurance policy is valid and enforceable. If the insurance company invokes the appraisal clause, an assignee is entitled to participate in the appraisal. Failure to participate in an appraisal when the insurance company properly invokes the clause may result in a summary judgment for the insurance company for failure to perform a condition precedent prior to filing suit. It is therefore,

**ORDERED and ADJUDGED** that the Final Summary Judgment in Favor of Defendant is **REVERSED.** The trial court will direct Appellant and Appellee to engage in the appraisal process pursuant to the terms of the insurance policy. Furthermore, the trial court shall stay the action until the completion of the appraisal process. It is further

**ORDERED and ADJUDGED** that Appellant's Motion for Appellate Attorneys' Fees is provisionally **GRANTED** as the prevailing party in this action, subject to prevailing in the trial court.

**DONE and ORDERED** in Chambers, Orange County, Florida on November 12th, 2015.

/S/ _____
**DONALD A. MYERS, JR.**
**Presiding Circuit Judge**

HIGBEE and LUBET, J.J., concur

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing order was furnished to the following: **Honorable Faye L. Allen**. 425 N. Orange Avenue Orlando, FL 32801; **Jeremy L. Hogan, Esq.**, 906 E. Michigan Street, Orlando, FL 32806 **Scot E. Samis, Esq.**, 360 Central Avenue, 10th Floor, P.O. Box 3924, St. Petersburg, FL 33731 on November 12, 2015.

/S/ _____
Judicial Assistant