

# THE MONSON
## LAW FIRM, LLC

Donald J. Latuso, Jr.
Admitted in Louisiana
Donald@MonsonFirm.com

Please Respond to New Orleans Office

April 14, 2016
*Via U.S. Mail/Certified Mail/Return Receipt Requested and Facsimile*

**(855) 733-8180**
**RRR No. 7015 1520 0001 4738 8334**
Joey LaHatte, Esq.
LAHATTE LAW FIRM, L.L.C.
4405 Zenith Street, Suite A
Metairie, Louisiana 70001

      Re:    Stacy Morgan/A-Plus Contractors, LLC
              Insured:    Hollis Burton
              Policy No.  619616
              Claim No.  10003408
              Date of Loss:  October 17, 2014
              Our File No.  280-41

Dear Joey:

      We represent Americas Insurance Company ("Americas") regarding the property claim made due to the above-referenced loss at 2161 Pleasure Street, New Orleans, Louisiana. This claim was made under the insurance policy issued on behalf of Americas, Policy No. 10003408 (the "Policy") to Hollis Burton, which Mr. Burton has appeared to assign the benefits of the policy to your clients, Stacy Morgan and A-Plus Contractors, LLC. Americas is investigating this claim while reserving all of its rights under the Policy.

      Based on documentation sent to Americas on your clients' behalf dated March 28, 2016, Americas fails to agree with the amount of loss your clients are claiming as part of the assignment benefit. Accordingly, Americas is demanding your clients submit to appraisal. The pertinent policy language is listed below:

              E.    **Appraisal**
              If you and we fail to agree on the amount of loss, either may demand an
              appraisal of the loss. In this event, each party will choose a competent and
              impartial appraiser within 20 days after receiving a written request from the

New Orleans Office:
900 West Causeway Approach, Suite A
Mandeville, Louisiana 70471
P: 985-778-0678 F: 985-778-0682



Houston Office:
2800 Post Oak Blvd., Suite 4100
Houston, Texas 77056
P: 832-390-2243 F: 832-390-2350

www.MonsonFirm.com
1-855-2-MONSON


EXHIBIT B

Joey LaHatte, Esq.
LAHATTE LAW FIRM, L.L.C.
April 14, 2016
Page 2

> other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.
>
> Each party will:
> 1. Pay its own appraiser; and
> 2. Bear the other expenses of the appraiser and umpire equally.
>
> HO 00 03 10 00

Further, LSA-R.S. 22:1311 contains the Standard Fire Policy, which by law is attached to the Policy, and provides in pertinent part as follows:

> **Appraisal--**In case the insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then on request of the insured or this Company such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item, and failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally.

Pursuant to the terms and conditions set forth above, please be advised that you have twenty (20) days from the receipt of this correspondence to identify your appraiser. Americas' assigned appraiser is:

> Douglas McColl
> Telephone: (251) 666-6490

Joey LaHatte, Esq.
LAHATTE LAW FIRM, L.L.C.
April 14, 2016
Page 3

Prior to initiating appraisal, Americas demands that your clients submit to an examination under oath to allow Americas to investigate the particulars of the dispute. The following non-inclusive terms of the Policy impose duties that include a duty to submit to an examination under oath regarding any matter pertaining to the insurance Policy or claim:

**SECTION I - CONDITIONS**

. . .

**B.    Duties After Loss.**
In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:

. . .

4.  Protect the property from further damage. If repairs to the property are required, you must:
    a.  Make reasonable and necessary repairs to protect the property; and
    b.  Keep an accurate record of repair expenses;

5.  Cooperate with us in the investigation of a claim;

6.  Prepare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss. Attach all bills, receipt and related documents that justify the figures in the inventory;

7.  As often as we reasonably require:
    a.  Show the damaged property;
    b.  Provide us with records and documents we request and permit us to make copies; and
    c.  Submit to examination under oath, while not in the presence of another "insured", and sign the same;

HO 00 03 10 00 (Page 13 of 22)

**SECTION I – CONDITIONS**
**B.    Duties After Loss**
     Paragraph 8. is replaced by the following:
     8.  Send to us your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:
         a.  The time and cause of loss;

Joey LaHatte, Esq.
LAHATTE LAW FIRM, L.L.C.
April 14, 2016
Page 4

      **b.**    The interests of all "insureds" and all others in the property involved and all liens on the property;
      **c.**    Other insurance which may cover the loss;
      **d.**    Changes in title or occupancy of the property during the term of the policy;
      **e.**    Specifications of damaged buildings and detailed repair estimates;
      **f.**    The inventory of damaged personal property described in 6. above;
      **g.**    Receipts for additional living expenses incurred and records that support the fair rental value loss; and

. . .

This proof of loss must be sent to us within:

. . .

      **(2)**    60 days after our request in all other cases.

HO 01 17 03 08 (Page 2 of 5)

To insure my client, Americas, has all relevant documents in order to evaluate this claim based on an assignment of benefits, please have your clients bring copies of all of the following documents, including any additional documents which in any way substantiates your clients' claims for additional proceeds on behalf of Mr. Burton:

(1)    A copy of the front and back of your client's driver's licenses and/or ID cards;

(2)    A list of all subcontractors employed by you to repair the property following the fire, including any and all contracts, payments, invoices, estimates, cancelled checks, or credit statements for service and payments to same;

(3)    Repair invoices or receipts for the property from the date your clients began repairs to the property;

(4)    A copy of any and all permits obtained to repair the property following the fire;

(5)    Copies of any and all documents supporting your claim for a lien against the property, including all documents filed with the City of New Orleans Clerk of Court and/or Mortgage and Conveyance Office;

Joey LaHatte, Esq.
LAHATTE LAW FIRM, L.L.C.
April 12, 2016
Page 5

(6) Any contracts or other written agreements relating to the repair of 2161 Pleasure Street, from the date of the fire to the present;

(7) The names, addresses and telephone numbers of all people or entities that have repaired the property following the fire until the present;

(8) All documents, records, writings and/or statements relating to the amount your client expended to repair the property;

(9) All records, ledgers, diaries, timesheets and any and all documents concerning the repair and payments for repair to the property;

(10) Receipts, invoices, contracts and records relating to all amounts received from Mr. Burton for repairs following the fire;

(11) Bank statements, cancelled checks and deposit receipts/slips relating to amounts received from Mr. Burton for repairs to 2161 Pleasure Street following the fire to the present;

(12) Photographs both before and after the repairs from the fire loss that in any way depicts the repairs;

(13) The names, addresses and telephone numbers of persons to whom your clients owe any debt or monetary obligation;

(14) Any and all contracts with Mr. Burton that identified the estimate to repair the property prior to the commencement of repairs by your clients;

(15) Any and all documents concerning the assignment of benefits entered into between Mr. Burton and your clients, and any compensation, agreement or contract in consideration of the assignment of benefit;

(16) Any and all documents concerning repairs that were required to conform with local codes, ordinances and variances; and

(17) Any and all documents that reflect repairs that were not caused by fire, upgrades or voluntary repairs not pertaining to the fire.

This will set Mr. Morgan's examination under oath regarding his claims for **Tuesday, May 3, 2016 at 10:00 a.m.** at your office before a court reporter. If this time and date is inconvenient, please let us know and we will be happy to reschedule at a mutually convenient time and place.

Joey LaHatte, Esq.
LAHATTE LAW FIRM, L.L.C.
April 14, 2016
Page 6

      Nothing herein constitutes, nor should it be construed by you as a waiver of any other rights or defenses of Americas Insurance Company under its Policy of Insurance, nor is it the purpose of the correspondence agreement to waive any of the policy provisions, terms, exclusions or conditions.

      If you have any questions, please do not hesitate to call.

      With kind regards, I remain

                              Sincerely,

                              *Donald J. Latuso, Jr.*
                              Donald J. Latuso, Jr.

DJL/tmd
cc:    Curren-Landrieu *(Via Facsimile – 504-833-3355)*