UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STACY MORGAN, ET AL. | CIVIL ACTION |
| VERSUS | NO: 16-13900 |
| AMERICAS INSURANCE COMPANY | SECTION: "H"(4) |

## ORDER AND REASONS

Before the Court is Defendant's Motion to Compel Examination Under Oath and Appraisal and Stay Litigation Pending Appraisal (Doc. 24). For the following reasons, this Motion is **GRANTED**.

## BACKGROUND

Following a 2015 fire, Hollis Burton hired A-Plus Contractors, LLC ("A-Plus") to perform remediation and repairs to his property. Burton was insured for this loss by Defendant Americas Insurance Company ("AIC"). Burton executed a post-lost "Assignment of Insurance Benefits" ("AOB") form in favor of A-Plus, whereby he assigned all benefits of the policy relative to the 2015 fire claim. Pursuant to this assignment, Plaintiffs seek payment from

Defendant for the work completed on the property. On June 15, 2016, Plaintiffs filed suit in Louisiana State Court seeking payment for the repair and remediation costs and damages for breach of contract, negligence, and arbitrary and capricious penalties, attorneys' fees, and general and special damages pursuant to Louisiana Revised Statutes §§ 22:1973 and 22:658. Defendant removed the matter to this Court on the basis of diversity. The Court denied Defendant's Motion to Dismiss, finding that Plaintiffs had accepted a valid assignment of benefits and succeed to all rights and benefits of the insured relative to the AIC policy. Defendant then filed the instant Motion to Stay, arguing that this matter should be stayed pending Plaintiffs' compliance with the examination under oath ("EUO") and appraisal provisions of the policy. Plaintiffs oppose this Motion.

## LEGAL STANDARD

The Federal Courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them."[1] Nevertheless, "[a] district court certainly possesses the authority to regulate its flow of cases."[2] "Although the Court has the inherent power to stay any matter pending before it in the interest of justice and economy of time and effort for itself, for counsel and for litigants, the moving party bears a heavy burden to show why a stay should be granted."[3]

---

[1] *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000) (citiations omitted).
[2] *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 204 (5th Cir. 1985).
[3] *St. Bernard Citizens for Envtl. Quality, Inc. v. Chalmette Re*f., L.L.C., 348 F. Supp. 2d 765, 767 (E.D. La. 2004).

## LAW AND ANALYSIS

In this Motion, Defendant asks the Court to (1) issue an order requiring Plaintiffs to submit to an examination under oath as set forth in the AIC policy and provide AIC with documentation to support the claim; (2) issue an order requiring the parties to submit to the appraisal process as outlined in the policy; and (3) stay the matter pending completion of the appraisal. They argue that because Plaintiffs step into the shoes of the insured as assignees, they must comply with all the relevant terms and conditions of the policy, including cooperation, EUO, and appraisal provisions. They aver that despite numerous attempts, they have been unable to conduct an EUO, a prerequisite of the appraisal process.

Plaintiffs respond in opposition. First, they assert that Defendant should be estopped from demanding an appraisal because they previously argued that Plaintiffs were not insured under the policy. They argue that this amounts to "bad faith" treatment of the insured, but they cite to no law in support of this contention. Whether or not Plaintiffs qualify as insured was the subject of a contested motion before this Court. Now that the issue has been settled, Defendant demands that Plaintiffs comply with the terms and conditions of the policy. This does not constitute bad faith. Indeed, under Louisiana law, an "assignee 'steps into the shoes' of the assignor and acquires only those rights possessed by the assignor at the time of the assignment."[4] Accordingly, Plaintiffs must comply with the terms and conditions of the policy, including the appraisal provision.

Plaintiffs next argue that an appraisal cannot be conducted because the repairs on the home have already been completed. They argue that they are

---

[4] *Conerly Corp. v. Regions Bank*, 668 F. Supp. 2d 816, 823 (E.D. La. 2009).

automatically owed the cost of "reasonable repairs" as provided under the policy. In support of this position they cite to several cases describing pre-repair appraisals for the proposition that an appraisal cannot be conducted after repairs are made.[5] None of these cases contain the prohibition on post-repair appraisal advanced by Plaintiffs. This contention is likewise unsupported by the terms of the policy. Clearly, Defendant disputes whether the repairs made by the Plaintiffs constitute "reasonable" repairs covered under the policy. The terms of the policy allow for appraisal in the event of disagreement regarding the amount of the loss. Plaintiffs' decision to unilaterally proceed with repairs does not deprive either party of this right.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel Examination Under Oath and Appraisal and Stay Litigation Pending Appraisal (Doc. 24) is **GRANTED**. This matter is **STAYED AND ADMINISTRATIVELY CLOSED** pending completion of the appraisal process outlined in the policy. After the same is completed, either party may file a motion to reopen the case.

New Orleans, Louisiana this 6th day of July, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[5] *See, e.g., Long v. Am. Sec. Ins. Co.,* 52 So. 3d 260, 261 (La. Ct. App. 4 2010), writ denied, 57 So. 3d 336 (La. 2011); *Dufrene v. Certain Interested Underwriters at Lloyd's of London Subscribing to Certificate No. 3051393*, 91 So. 3d 397, 401 (La. Ct. App. 5 2012), writ denied, 90 So. 3d 1065 (La. 2012); *St. Charles Par. Hosp. Serv. Dist. No. 1 v. United Fire & Cas. Co.*, 681 F. Supp. 2d 748, 760 (E.D. La. 2010).