UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STACY MORGAN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-13900** |
| **AMERICAS INSURANCE COMPANY** | **SECTION: "H"(4)** |

## ORDER AND REASONS

Before the Court is Defendant Americas Insurance Company's Motion to Lift Administrative Stay and Motion to Dismiss (Doc. 38). For the following reasons, the Motion is GRANTED.

## BACKGROUND

Following a 2015 fire, Hollis Burton hired Plaintiff A-Plus Contractors, LLC ("A-Plus") to perform remediation and repairs to his property. A-Plus is owned by Plaintiff Stacy Morgan. Burton was insured for this loss by Defendant Americas Insurance Company ("AIC"). Burton executed a post-lost assignment of insurance benefits form whereby he assigned all benefits of the policy relative to the 2015 fire claim to A-Plus. Pursuant to this assignment, Plaintiffs Morgan and A-Plus seek payment from Defendant for the work

1

completed on the property. On June 15, 2016, Plaintiffs filed suit in Louisiana State Court seeking payment for the repair and remediation costs, damages for breach of contract and negligence, penalties for arbitrary and capricious acts, attorneys' fees, and general and special damages pursuant to Louisiana Revised Statutes §§ 22:1973 and 22:658. Defendant removed the matter to this Court on the basis of diversity.

This Court determined that Plaintiffs had accepted a valid assignment of benefits and succeed to all rights and benefits of the insured relative to the AIC policy.[1] Defendant then sought to enforce provisions of the policy requiring the insured to submit to an examination under oath ("EUO"), provide documentation to support the claim, and comply with the appraisal process set forth in the policy. On July 6, 2017, the Court found that Plaintiffs were required to comply with those provisions and stayed the proceedings pending the completion of the appraisal, EUO of Plaintiff Morgan, and production of documents supporting the claim.[2]

On October 16, 2017, Defendant filed this Motion to Lift Stay and Dismiss.[3] Defendant presented evidence that Plaintiff Morgan cancelled a scheduled EUO before instituting this suit and then repeatedly refused to provide alternative dates.[4] Defendant also presented evidence that, after this Court's ruling that Plaintiff Morgan was required to submit to an EUO, Plaintiff continued to delay scheduling the EUO and ultimately cancelled a scheduled EUO two days before it was set to take place.[5] Furthermore, Defendant presented evidence that Plaintiffs failed to name an appraiser as

---

[1] Doc. 19.
[2] Doc. 36.
[3] Doc. 38.
[4] Doc. 38-1 at 6.
[5] Doc. 38-1 at 7–8.

required under the policy, despite repeated inquiries from Defendant.[6] Defendant moved to lift the stay and dismiss the case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiffs' failure to comply with the Court's orders.

On November 8, 2017, the Court heard oral argument on Defendant's Motion. Admonishing Plaintiffs to rapidly comply with the requirements of the policy, the Court deferred consideration of Defendant's Motion to Dismiss and ordered that the stay be lifted on December 8, 2017. The Court advised that if the EUO and appraisal were not underway by that time, the Court would entertain Defendant's Motion to Dismiss.

On December 12, 2017, the Court lifted the stay and ordered the parties to submit supplemental briefing on whether Plaintiffs had complied with the policy requirements. The parties report that Plaintiffs did designate an appraiser.[7] However, Defendant states that Plaintiffs have still failed to comply with the Court's orders that Plaintiff Morgan submit to the EUO and produce supporting documents.[8] The Court now considers Defendant's motion to dismiss Plaintiffs' claims pursuant to Rule 41(b) for the failure to comply with this Court's order that Plaintiff Morgan submit to an EUO.

## **LEGAL STANDARD**

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to comply with any order of the court.[9] In applying the sanction of dismissal with prejudice, courts have traditionally considered the extent to which the

---

[6] Doc. 38-1 at 8.
[7] Doc. 50 at 3.
[8] Doc. 50.
[9] McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).

plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.[10] A dismissal with prejudice will be affirmed only upon a showing of (1) a clear record of delay or contumacious conduct by the plaintiff and (2) that lesser sanctions would not serve the best interests of justice.[11] Generally speaking, a court should also look to the presence of one or more aggravating factors, including the extent to which the plaintiff is personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct.[12]

## LAW AND ANALYSIS

Plaintiffs have demonstrated a clear pattern of delay and disrespect for this Court's orders, have caused prejudice to Defendant as a result, and have not responded to lesser interventions from this Court. On April 14, 2016, before Plaintiffs filed this suit, Defendant demanded that Plaintiffs submit to an EUO and the appraisal process set forth in the policy.[13] The parties scheduled an EUO for May 3, 2016, but Plaintiffs cancelled.[14] Defendant repeated its demand on May 24, June 10, July 8, and July 13 of 2016.[15] During that time, Plaintiffs filed this suit and continued to refuse to comply with the policy provisions requiring an EUO and appraisal. On July 6, 2017, in response to a motion that Defendants had to file because of Plaintiffs' obstruction, this Court ordered that Plaintiffs submit to an EUO and appraisal.[16]

---

[10] *See* Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989).
[11] Coleman v. Sweetin, 745 F.3d 756, 766 (5th Cir. 2014) (per curiam).
[12] Rogers v. Kroger Co., 669 F.2d 317, 320 (5th Cir. 1982).
[13] Doc. 24-8.
[14] Doc. 24-9.
[15] *See* Docs. 24-9, 24-11, 24-12, 24-13.
[16] Doc. 36.

Plaintiffs continued their refusal, despite being directly ordered by this Court to submit to an EUO and cooperate with the appraisal process. Defendant asked for Plaintiffs' availability on July 18, 2017 and Plaintiffs did not respond.[17] Defendant asked again on August 17, 2017 and Plaintiffs did not respond.[18] Defendant asked a third time on August 22.[19] Plaintiffs at last responded, setting an EUO for September 27, 2017.[20] Plaintiffs' counsel stated that he was late in responding to Defendant's request because he moved offices and had a jury trial.[21] Two days before the EUO was scheduled to take place, Plaintiffs unilaterally cancelled.[22] Plaintiff Morgan represented that he was "stuck" with work projects in Miami following Hurricane Irma and requested that Defendants provide new dates in mid-October.[23]

In response, Defendant filed this Motion to Dismiss. On November 8, 2017, the Court again ordered Plaintiffs to comply with the policy provisions, this time setting a deadline of December 8, 2017. The following day, Plaintiffs proposed November 22 for the EUO.[24] Defendants provided several alternatives and the parties ultimately scheduled the EUO for November 30, 2017.[25] Plaintiff Morgan failed to arrive for the EUO because he took a gun to the airport and was detained while travelling to New Orleans.[26]

In sum, Plaintiffs refused to submit to an EUO or provide documentation to support their claim until directly ordered by the Court. Once ordered, Plaintiffs avoided the issue for more than a month. When the EUO was finally

---

[17] Doc. 38-4.
[18] Doc. 38-5.
[19] Doc. 38-6.
[20] Docs. 38-7, 38-8, 38-9.
[21] Doc. 38-7.
[22] Doc. 38-10.
[23] Docs. 38-10, 42 at 2.
[24] Doc. 50-1.
[25] Doc. 50-1.
[26] Doc. 50-3.

scheduled, Plaintiff Morgan chose to pursue a business opportunity rather than appear for a court-ordered examination. Rather than dismiss the case at that point, the Court set a specific deadline for Plaintiffs' compliance. Plaintiffs first proposed a date for an EUO two weeks from that order, wasting half of the extension that the Court granted. The final EUO was scheduled for less than one week from the Court's deadline. Plaintiff Morgan again failed to attend, this time because he was detained for attempting to bring a gun onto an airplane. Plaintiff has not appeared since that date for an EUO, nor has Plaintiff filed a motion with this Court seeking approval of a late EUO.

Plaintiffs have demonstrated a record of contumacious conduct by delaying the scheduling of an EUO and failing to appear for multiple scheduled EUOs.[27] This conduct is intentional and attributable to Plaintiffs. Plaintiffs' conduct has prejudiced Defendant by impeding Defendant's ability to investigate a claim amount that it disputes.[28] The Court has already ordered Plaintiffs to comply with the policy, given Plaintiffs a second chance, and set a specific deadline for compliance. In light of Plaintiffs' obstinacy, the Court finds that lesser sanctions would not be effective and that dismissal under Rule 41(b) is warranted. Furthermore, examination under oath and the production of documents supporting a claim are requirements of the policy under which Plaintiffs sue. Their failure to comply with the policy's requirements is itself a basis for dismissal.[29] Accordingly, Defendant's Motion is GRANTED and Plaintiffs' claims are DISMISSED WITH PREJUDICE.

---

[27] *See* Dorsey v. Scott Wetzel Servs., Inc., 84 F.3d 170, 172 (5th Cir. 1996) (finding repeated scheduling delays and the failure to appear contumacious).

[28] *See* Mosadegh v. State Farm Fire & Cas. Co., 330 F. App'x 65, 66 (5th Cir. 2009) (affirming a finding of prejudice when insured failed to submit to an examination under oath).

[29] *See id.* (upholding dismissal on summary judgment for failure to submit to examination under oath as required by policy).

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED and Plaintiffs' claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 21st day of March, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**